# Butt, *et al. v.* Mastin.

### *Statutory Action in the Nature of Ejectment.*

1. *Evidence; tract-book; admissibility of as evidence.*—A certified copy of the entries on the tract-book, in the office of the judge of probate, is not admissible in evidence; the original patent, or a certified copy of the same, being the highest and best evidence of the grant from the government to the patentee.

2. *Same; same.*—The fact that the plaintiffs did not have the original did not establish a predicate for the introduction of the certificate; not being such a certified copy as would bring it within the provision of section 1813 of the Code.

3. *Ejectment; evidence of common source of title, when not established.*—Where the plaintiffs attempted to prove that the defendant held title with them from a common source, such fact was not established by showing that the defendant claimed title to a part of a subdivision, of which the land in controversy was a part, but distinct from the portion claimed by the plaintiffs.

APPEAL from Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

Statutory action in the nature of ejectment by Cary W. Butt. *et al.*, against appellee, to recover the lands described in the complaint as follows: A portion of the east half of the southeast quarter of section 34, township 4, south, range 2 west, commencing at a point 14.29 chains north of the south boundary line of said section 34, and 20 chains west of the section line between sections 34 and 35; running thence north, along the center line of section 34, 23 chains and 86 links to a point; thence east, and parallel with the south line of said section, 23.86 chains; thence west, and parallel with the southern line of said section, 8.97 chains to the place of beginning;—in Mobile county.

On the trial the appellants offered in evidence conveyances constituting a chain of title, beginning with a conveyance from Jonathan Hunt to Amos Keller, dated March 11th, 1844, and finally vesting title to the property

21s

sued for in Mrs. Ann B. Butt, from whom the appellants inherited; the title having passed as follows: Jonathan Hunt to Oscar T. Kelly; Oscar T. Kelly to Alias B. Greene; Alias B. Greene to David Cummings; David Cummings to John Bloodgood; power of attorney from John Bloodgood to William H. Bloodgood; deed from John Bloodgood by his attorney William H. Bloodgood to Ann B. Butt.

Cary W. Butt, one of the plaintiffs, testified that Ann B. Butt, who was their mother, died intestate many years ago, and her husband was also dead, and he further testified that none of the conveyances, relating to the titles of the land in controversy, was in the possession or control of the plaintiffs. The plaintiffs then offered in evidence a certified copy of the entry in the tract-book in the office of the judge of probate of Mobile county, showing that a certificate or warrant had been issued to Jonathan Hunt to fractional section 34, township 4, south, range 2 west, St. Stephen's Meridian, State of Alabama, prior to his conveyance to Amos Keller. The defendant objected to the introduction of this certified transcript, the court sustained the objection and the plaintiffs excepted. This ruling constitutes the first assignment of error.

The plaintiffs again, before closing the evidence, offered such certified copy of said entry in said tract-book, and defendant again objected to its introduction, the court sustained the objection and the plaintiffs excepted. This ruling constitutes the second assignment of error.

Plaintiffs introduced the appellee, as a witness in their behalf, who testified that he claimed title to the property by purchase from one Mechem as agent of Chidester, and, at the time of the purchase, he was furnished with an abstract of title and that he bought upon that abstract and his attorney's opinion; that the deed to appellee was executed by Mechem as agent for Chidester. This deed was produced, as was also the deed from one Sage to Chidester. Appellants introduced in evidence deeds last referred to and also the abstract of title referred to by the appellee. The first item of the abstract showed a

conveyance from the United States to Jonathan Hunt of fractional section 34, township 4, south, range 2 west. The other items on the abstract showed a line of conveyances from Jonathan Hunt to the defendant.

After the plaintiffs had closed their evidence, the defendant moved to strike out all of the plaintiff's evidence, on the ground that they had not made out a *prima facie* case. The court sustained the motion and ruled out all of the plaintiff's evidence, to which the plaintiffs excepted and, on account thereof, took a non-suit; and this ruling constitutes the third assignment of error.

GREGORY L. and H. T. SMITH, for appellants.—The certified copy of the tract-book should have been admitted in evidence.—Code, sections 1813 and 1816. The defendant, claiming to have derived title from Jonathan Hunt, was estopped from denying that the title was vested in him.—10 A. & E. Enc. Law. (N. S.) 492; *Smith v. Lindsey,* 89 Mo. 76, s. c., 1 S. W. 88; *Finch v. Elmore,* 110 Mo. 255, s. c., 16 S. W. 863, s. c., 24 Am. State Rep. 383; *Laidy v. Land Co.,* 4 S. E., 706.

SULLIVAN & STALLWORTH, *contra.*—The copy of the entry in the tract-book at the office of the judge of probate was not admissible.—*Hammond v. Blue,* 132 Ala. 337; *Stevenson v. Reaves,* 92 Ala. 582. The motion of the appellee to rule out the evidence questions its insufficiency to entitle appellants to recover. If sufficient the motion was properly granted.—*Florence Bldg. etc. v. Scholl,* 107 Ala. 531; *Bolton v. Cuthbert,* 132 Ala. 403. The evidence did not show Hunt to be the common source of appellee's and appellants' title.—*Stevenson v. Reaves,* 92 Ala. 582.

ANDERSON, J.—The trial court properly excluded the certificate of the copy from the tract-book, in the office of the judge of probate of Mobile county. As has been heretofore held by this Court, the original patent, or a certified copy of same, is the highest and best evidence of the grant from the government to the patentee. § § 1812, 1813 of the Code of 1896 ;*Hammond v. Blue,* 132 Ala. 337.

[Butt *et al.* v. Mastin.]

We do not think the proof of plaintiffs, that they did not have the original, established the predicate for the introduction of the certificate in question. It was not such a certified copy as would bring it within the provision of § 1813 of the Code of 1896. It was in no sense a certified copy of the original patent; it was simply an extract from the tract-book of Mobile county.

The plaintiffs, failing to trace title back to the government, attempted to relieve themselves from doing so, by establishing title through a common source with the defendant. "Where the parties in an action of ejectment claim title from a common source, the plaintiff in the first instance is only required to show title in himself from the common source." "It must be understood, however, that this rule applies to cases where the common source of title is either admitted by the defendant or established by the plaintiff's proof, not in cases where the defendant denies that he derives his title from the common source with the plaintiff. If the plaintiff relies upon a chain of title starting at such common source, the burden is upon him to show the title in the alleged common source."—Newell on Ejectments, 579.

The plaintiff attempted to prove that the defendant held title from Hunt, but the deeds introduced for that purpose carried only a portion of fractional section 34 to Hunt, and none of the land in controversy was traced by the deeds beyond Henry Stickney—Item 4.

We think the rule as to common source applies to the land involved in this suit, and that a claim from a common source is not established by showing that defendant claims title to a part of a subdivision, of which the land in controversy is a part, but is distinct from the portion claimed by the defendant; and it makes no difference that the grantor set up as the common source, acquired title to the entire subdivision, of which the defendant's parcel is a part, by a single conveyance. In other words, we do not think that a party, who claims title to only a part of fractional section 34 through Hunt, admits by so doing that Hunt had a title to the other part of fractional section 34, although Hunt had a deed or patent

purporting to convey to him all of it. It might be that the defendant's grantor purchased the part, to which he thought Hunt had a good title, and did not purchase the balance of the subdivision, for the very reason that he considered Hunt's claim thereto defective. Could it therefore be pretended, that, in purchasing a part only, the purchaser admitted the title of his grantor to the part of the subdivision that he did not purchase? We think not.

Without deciding that plaintiff pursued the proper course to establish a common source, by introducing the abstract, the said abstract did not take the land involved in the suit back to Hunt, but only a separate and distinct part of fractional section 34, which is not involved.

The plaintiff, having failed to make out a *prima facie case*, the action of the trial court in excluding all the evidence was proper.

Affirmed.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.

