# Jeffreys *v.* Jeffreys.

## *Ejectment.*

(Decided June 12, 1913.  62 South. 797.)

1. *Ejectment; Pleadings; Admissions.*—Where defendant entered a plea of not guilty, thereby admitting his possession of the land described in the complaint as a strip off of the west side of a certain governmental subdivision of a section, and plaintiff showed title to all of such subdivision, plaintiff was entitled to the general charge, although defendant introduced in evidence a deed to the adjacent subdivision and showed possession for seventeen years of the strip in dispute, since defendant could not claim any land but that embraced in his deed without showing compliance with sec. 2830, Code 1907.

2. *Same; Title of Plaintiff; Evidence.*—In an ejectment action it was not error to permit plaintiff to introduce the deeds in his chain of title and follow it with evidence that the grantors therein were in possession when the deeds were executed.

3. *Boundaries; Pleading; Issues.*—Where the issues involved the proper location of the boundary line between a subdivision owned by plaintiff and the adjacent subdivision owned by defendant, defendant should disclaim and suggest a disputed boundary line under the provisions of section 3843, Code 1907.

4. *Appeal and Error; Harmless Error; Instructions.*—Where on the whole case plaintiff was entitled to the affirmative charge, any errors in instructions given or refused were harmless.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE

Assumpsit by J. M. Jeffreys against Thomas J. Jeffreys. Judgment for plaintiff and defendant appeals. Affirmed.

JAMES JACKSON, and G. O. CHENAULT, for appellant Defendant was entitled to show that he claimed the land as his own twenty years ago.—*Henry v. Brown,* 143 Ala. 446; *Lawrence v. Ala. S. L. Co.,* 144 Ala. 524. The court was either in error in refusing to permit defendant to show that his brother recognized the line as the owner of the land, or in permitting plaintiff to show that his father recognized the line when he was the owner of the land.—*Hoffman v. White,* 90 Ala. 352; *Beasley v. Clark,* 102 Ala. 258; *Davis v. Caldwell,* 107 Ala. 526. Counsel discuss the other assignments relative to evidence in the light of the above authorities, with the insistence that error intervened, and also discussed the charges refused, citing authorities in support of same. Because of adverse holdings they insist that the deeds in the chain of title of plaintiffs were improperly admitted and that defendant was entitled to the affirmative charge.—*Curtis v. Riddle,* 59 South. 47.

D. C. ALMON, for appellee. Under the pleadings and proof plaintiff was entitled to the affirmative charge. —Secs. 2830, 3843, Code 1907.

ANDERSON, J.—This suit was for 34 feet of land off the west side of the S. ½ of S. E. ¼ of section 2. The defendant pleaded not guilty, which was an admission that he was in possession of the land described in the complaint; that is, "34 feet off of the west side of the S. ½ of the S. E. ¼ of section 2." The plaintiff showed title to all of the S. ½ of the S. E. ¼ and was entitled to the general charge for the land sued for,

[Jeffreys v. Jeffreys.]

which was a part of his said 80. The defendant intro-
duced a deed to an adjoining 80, to wit, the E. ½ of
the S. W. ¼ of section 2; and the main controversy in
the case was whether the strip was a part of the plain-
tiff's 80 or the defendant's 80, but the defendant's plea
admitted possession of 34 feet on the west side of plain-
tiff's 80. There was evidence showing several surveys
and that the exact boundary was uncertain, and that
the defendant had been in possession for 17 years of the
strip in dispute, but he could only claim adversely as
to the land embraced in his deed, as he had no color of
title or bona fide claim of purchase to any of the land in
the plaintiff's 80, and could not claim any of it adverse-
ly without having complied with the statute as to filing
a declaration in the probate office under the act of 1893,
now appearing, though somewhat changed, as section
2830 of the Code of 1907.

If the strip in dispute was not a part of the plain-
tiff's 80, but was a part of the defendant's land, and as
the real question in dispute was the proper location of
the true line between them, the defendant should have
disclaimed and suggested a dispute as to the boundary
as provided by section 3843 of the Code of 1907. Hav-
ing failed to do this and by his plea of not guilty ad-
mitted possession of land to which the plaintiff showed
title, the plaintiff was entitled to the general charge,
and, as this was true, any errors that the trial court
may have committed, in giving or refusing charges, was
without injury.

There was clearly no error in permitting the plain-
tiff to introduce the deeds from Deering to his father
and from his father to himself, as proof was subse-
quently made that said grantors were in possession
when the deeds were executed. The other rulings upon
the evidence, whether erroneous or not, could not have

changed the result so as to preclude the plaintiff from his right to the general charge.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.