# Oliver *v.* Oliver.

## *Ejectment.*

(Decided April 23, 1914. Rehearing denied June 4, 1914.
65 South. 373.)

1. *Ejectment; Pleading; Disclaimer and Boundary.*—In ejectment the court may permit defendant to withdraw his plea of not guilty and suggest that the issue was over the disputed boundary line.

2. *Same; Evidence.*—Where defendant filed a disclaimer with suggestion that the issue was a disputed boundary line, and the cross examination of defendant showed that he bought the land from a third person, there was no error in subsequently admitting the deed from such third person to defendant.

3. *Same; Verdict Sufficiency.*—Where the action was ejectment, and the defense was the statutory suggestion of the disputed boundary line, a verdict which merely designates a named surveyor's line as the true boundary does not sufficiently respond to the issue; but a verdict which also finds for defendant on his disclaimer supports a judgment in his favor in the absence of any objection by plaintiff on that ground.

4. *Boundaries; Issue; Evidence.*—Where the issues made by the pleading involved a boundary, plaintiff claiming title to a government subdivision could not show title by adverse possession to any part of an adjacent government subdivision.

5. *Same; Acquiescence; Effect.*—Where adjacent owners claimed under a deed conveying government subdivision, a recognition of a false line as a boundary between them was without effect, unless the party claiming beyond the true line held adverse possession up to the false line until the bar of the statute was complete.

6. *Same; Agreement; Effect.*—A formal agreement between adjacent owners under deeds conveying adjacent government subdivision, as to the boundary line between them, cannot of itself vest title in one of them beyond the true line to which each actually owns, although acquiescence in such a line prima facie indicates its verity.

7. *Same; Establishment; Cost.*—The provisions of section 3843, Code 1907, have reference to the cost of establishing and marking the true line, and not to the cost of the suit; the court may tax the cost against plaintiff suing in ejectment where judgment is rendered for defendant filing a disclaimer with suggestion that the issue is a disputed boundary line.

8. *Adverse Possession; Pleading; Issues.*—A party claiming a government subdivision by deed and a part of an adjacent subdivision by adverse possession, must include the part claimed by adverse possession by an appropriate description in his complaint in ejectment.

9. *Evidence; Weight; Sufficiency.*—It is not enough that an issue was supported by the weight of the evidence; it is required that the evidence shall reasonably satisfy the jury.

[Oliver v. Oliver.]

10. *Appeal and Error; Review; Ruling on Evidence.*—Error cannot be predicated of rulings on the admission of relevant evidence over general objections, or the refusal to exclude answers, in the absence of proper objection to the questions.

11. *Witnesses; Cross-Examination.*—The cross-examination of a witness need not be limited to matters elicited on direct examination.

12. *Same; Examination; Diagram.*—In determining a boundary line between adjacent government subdivisions, counsel for a party may have a competent witness, locate lines and localities by means of a diagram of a land section, and the conversation allowable between the witness and counsel for that purpose is within the discretion of the trial judge.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by Ida I. Oliver against W. S. Oliver. From a judgment for defendant, plaintiff appeals. Affirmed.

The plaintiff sued to recover a rectangular strip of land 32 yards deep on the north side of the S. W. ¼ of the S. W. ¼, section 32, township 24, range 23, Tallapoosa county. The defendant, as the judgment entry shows, filed the plea of the general issue, which he withdrew before trial, and filed in its stead a disclaimer with the statutory suggestion that, the plaintiff being the owner of said above-described quarter section, and the defendant being the owner of the N. W. ¼ of the S. W. ¼ of said section, the suit arises out of a disputed boundary line between the said two 40-acre tracts.

The plaintiff joined issue on defendant's disclaimer, and the court announced to the jury that the issues before them were:

First, whether the defendant was in possession of any part of the 40 acres described in the complaint; and, second, that you will find where the true line is, and designate it in your verdict.

The evidence showed that both parties claimed title to their separate tracts through the same ultimate

source; and, with respect to the location of the dividing line between them, the evidence was in conflict.

The verdict of the jury was:

"We, the jury, find for defendant on his plea of disclaimer, and we further find that the true location of the boundary line between the lands of plaintiff and defendant, to wit, between the northwest quarter of the southwest quarter and the southwest quarter of the southwest quarter of section 34, township 24, and range 23, is the old Jim Cosby survey."

There was judgment in accordance with the verdict. The evidence showed that defendant's possession extended southward only as far as the old Jim Cosby line, and defendant's contention was that it was the true dividing line between his and plaintiff's land.

Plaintiff appeals and assigns for error the action of the court in permitting defendant to withdraw its plea of not guilty, and to enter a disclaimer, certain rulings on the evidence, and the refusal of certain charges requested by plaintiff in writing, which sufficiently appear from the opinion of the court.

M. PETERS, for appellant. In original brief counsel discusses the issues raised by the assignments of error, but cites no authority except § 3843, Code 1907. He further insists that the deed from Graham and wife to defendant was not admissible.—*Ledbetter v. Baldwin,* 128 Ala. 418; 5 Mayf. 312. The general issue and disclaimer are inconsistent defenses.—*Dennis v. Price,* 148 Ala. 243; 145 Ala. 578; 145 Ala. 660. The court erred in permitting defendant to elect whether he would go to trial on the disclaimer or stand by the general issue. The court erred in taxing plaintiff with the costs of the suit.—§ 3843, Code 1907; *Webb v. Reynolds,* 139 Ala. 401.

[Oliver v. Oliver.]

GEORGE A. SORRELL, for appellee. Counsel discusses the errors assigned, but without citation of authority.

SOMERVILLE, J.—The trial court properly allowed the defendant to withdraw his plea of not guilty, and to file the disclaimer with suggestion that the real issue in the case was a disputed boundary line.—*Bernstein v. Humes,* 60 Ala. 582, 597, 31 Am. Rep. 52.

In the disputed boundary suggestion there was incorporated some unessential statements of fact, which however, were properly treated as surplusage, and not vitiatory of the suggestion.

Under the issues made by the pleadings and submitted to the jury, it was clearly not permissible for plaintiff to show title by adverse possesion to any part of the N. W. ¼ of the S. W. ¼ of section 34. See *Wade v. Gilmer,* 186 Ala. 524, 64 South. 611.

The land sued for is described in the complaint as a part of the S. W. ¼ of the S. W. ¼ of the section according to the public survey of the government, and the sole questions at issue were where the dividing line between the subdivisions in question was properly located under that scheme of survey, and whether defendant had possession of any land south of that line.

Plaintiff's theory of the case seems to be that any recognition by former owners of the two tracts of a "made line," wherever it might be, was binding upon them, although their respective deeds and titles were based on the lines of the government survey, and regardless of the absence of an adverse possession up to such line.

This is not the law, for recognition by adjoining owners of a false line as the boundary between them is without effect, unless the party claiming beyond the true line also holds hostile possession up to the false line

until the bar of the statute is complete. Even a formal agreement between them as to such a line could not, of itself, vest title in one of them beyond the true line to which each actually owns. Certainly it could not have the effect of transferring one part of a government survey 40 to the 40 just below it, although acquiescence in such a line would prima facie indicate its verity.— *Cooper v. Slaughter,* 175 Ala. 211, 57 South. 477, 480 (10).

The several charges requested by plaintiff on the erroneous theory above noted were properly refused as being foreign to the issues involved. If plaintiff was claiming title to any part of the N. W. ¼ of the S. W. ¼ by adverse possession—having no title by deed—she should have included it by some appropriate description in the subject-matter of her complaint. The boundaries of a subdivision of the government survey are fixed by that survey, and, when the nomenclature of that survey is used, it must thus be interpreted. The issues here submitted to the jury required them to determine a subdivision line of the government survey, and none other.

Charge 2 was properly refused. It is not enough that an issue is supported by "the weight of the evidence"; but the weight of the evidence must reasonably satisfy the jury. Moreover, *plaintiff's* "possession of the land sued for" was not in issue; the real question being whether *defendant* was in possession of it.

Those assignments of error based on the theory that the cross-examination of a witness must be confined to the matters elicited on direct examination are without merit. Such is the rule in some jurisdictions; but the practice is otherwise here.—*Huntsville, etc., Co. v. Corpening,* 97 Ala. 681 (5), 12 South. 295; *Barlow v. Hamilton,* 151 Ala. 634, 638, 44 South. 657.

Several of the assignments are based on the admission of relevant evidence over general objections, or refusal to exclude answers in the absence of proper objections to the questions. Error cannot be predicated on such rulings.

In illustrating lines and localities to the jury by means of a diagram of a land section, counsel may have a competent witness to locate them on the diagram, and the conversation allowable between them for that purpose must be left to the discretion of the trial judge. There was no error in this regard.

On cross-examination of defendant, plaintiff's counsel brought out the fact that defendant bought this land from Benj. Graham. Thereafter there was no error in the admission of the deed from Graham, even had plaintiff seasonably objected to it.

In the recent case of *Wade v. Gilmer*, 186 Ala. 524, 64 South. 611, we ruled that a verdict on the statutory suggestion of disputed boundary did not sufficiently respond to the issue by merely designating a named surveyor's line as the true boundary; and it was held that a judgment on such a verdict was erroneous, if not wholly void.

The verdict here exhibited is subject to the same criticism; but, as it embraced also a finding for defendant on his disclaimer, and as no objection has been made by plaintiff to either the verdict or the judgment on that account, we cannot reverse the judgment therefor.

Section 3843 of the Code, authorizing an issue to determine disputed boundaries, provides that:

"The court * * * shall render judgment accordingly and order the sheriff to establish and mark the true line, found by the jury, and in such case, apportion the cost justly and equitably."

This refers to the cost of establishing and marking the true line, and not to the costs of the suit.

[Spears v. Wise, et al.]

The trial court did not err in taxing plaintiff with the costs.

We find no error prejudicial to plaintiff, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.