(76 South. 449)

LIVINGSTON v. NELSON. (7 Div. 859.)

(Supreme Court of Alabama. June 7, 1917.)

1. JUDGMENT ☜707—PRIVITY BETWEEN PARTIES.

The record of the proceedings and judgment between plaintiff and S. in a prior ejectment suit was inadmissible in this suit; there being no privity shown between S. and this defendant.

2. BOUNDARIES ☜36(2)—DEEDS TO ADJOINING TRACTS—ADMISSIBILITY.

The issue in ejectment being as to the location of the boundary line between the parties, their respective deeds to the adjoining tracts were properly admitted in evidence.

3. ADVERSE POSSESSION ☜3 — EVIDENCE — SUFFICIENCY.

Where the adverse possession of the disputed strip by defendant and his privies in title could not have ripened into hostile title before the passage of the act of 1893 (Code 1896, § 1546), and they filed no declaration of adverse claim as provided by the act, and had not annually listed the land for taxation for 10 years prior to the commencement of this ejectment suit, as required by Code 1907, § 2830, they could not acquire title by adverse possession since 1893.

4. TRIAL ☜251(3)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

In ejectment, where the only issue was the true location of a government survey between two 40's, submission of issue of defendant's adverse possession of a strip of plaintiff's 40, not established by evidence, was error.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Statutory ejectment by J. W. Livingston against Sam Nelson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The parties are adjoining landowners, and the strip of land in the suit is about one rod in width on the north side of the government 40, just south of the 40 owned by defendant. As to this strip defendant pleaded not guilty, and by amendment made suggestion of a disputed boundary line, on which an issue was made up and tried under § 3843,. Code 1907. The issues of fact were upon the location of the government survey land, and

also upon defendant's claim of adverse possession beyond the survey line.

Hugh Reed and R. F. Conner, both of Center, for appellant. Hugh White, of Gadsden, for appellee.

SOMERVILLE, J. [1] The record of the proceedings and judgment in the case of Livingston v. Story, an ejectment suit tried upon the suggestion of disputed boundary, though it may have involved the location of a continuation of the same line here in issue, was not admissible in evidence in this case, either as a res judicata, or otherwise. It was an independent case, and privity between Story and this defendant does not appear. The record was properly excluded on principles that are elementary and conclusive.

So, also, the questions to plaintiff's witness, involving reference to, and comparisons with, the line established by the verdict in the Story Case, were obviously improper, and defendant's objections were properly sustained.

[2] The issue being upon the location of the boundary line between the parties, their respective deeds to the adjoining tracts were properly admitted in evidence.

[3] These deeds show that, so far as color of title is concerned, the boundary line to be located was a subsidiary line of the government survey, viz. the line between the S. W. ¼ of the N. W. ¼ of the section, plaintiff's land; and the N. W. ¼ of the S. W. ¼, defendant's land. The evidence shows that the adverse possession of the disputed strip by defendant, and his prior privies in title, did not begin before 1884 or 1885, and could not have ripened into a hostile title before the passage of the act of February 11, 1893 (Code 1896, § 1546), and, since they had no color of title, nor bona fide claim of purchase, and filed no declaration of adverse claim (as provided by that act), and it does not appear that they have annually listed the land for taxation for 10 years prior to the commencement of this action, as provided by the amended statute (Code 1907, § 2830), they could not acquire title to this strip by adverse possession since 1893, however continuous or protracted. Jeffreys v. Jeffreys, 183 Ala. 617, 62 South. 797; Wade v. Gilmer, 186 Ala. 524, 64 South. 611; Oliver v. Oliver, 187 Ala. 340, 65 South. 373.

[4] The only issue, therefore, was upon the true location of the government survey, between these two adjoining 40-acre tracts. It necessarily follows that the trial court erred in submitting to the jury the question of a boundary line to be determined by defendant's adverse possession of a portion of plaintiff's 40, if they should find that the disputed strip was in fact a part of the S. W. ¼ of the N. W. ¼. Howard v. Brannan, 188 Ala. 532, 66 South. 433.

The verdict of the jury locates the boundary line as "commencing at the west boundary line of section 5, in which part is now marked by "a post oak stump lying on the ground." Conceding, without deciding, that a stump lying loose on the ground is an adequate monument for the establishment of a boundary line by verdict, yet we find no evidence in the record that there was such a stump. We wish merely to call attention to the rule that a verdict must be responsive to the issue, must be supported by the evidence, and, in cases like this, must furnish plain data for any action required of the sheriff. Wade v. Gilmer, supra; Oliver v. Oliver, supra.

For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.