(78 South. 888)

SMITH v. BACHUS et al.    (7 Div. 911.)

(Supreme Court of Alabama.    April 4, 1918.
Rehearing Denied May 9, 1918.)

1. TRIAL ⬅191(2)—INSTRUCTIONS.

An instruction, assuming, one way or the other, the correct location of a boundary line, a disputed point in an ejectment action, was prejudicial error.

2. TRIAL ⬅251(3)—INSTRUCTIONS.

Code 1907, § 2830, requiring notice of adverse possession to be filed in the probate court, does not apply where defendant in ejectment claimed to a disputed boundary line by inheritance from his mother, so that instruction that he could not hold land of which he was in possession without showing paper title, unless he had held adversely for more than 10 years from a certain date, was erroneous.

3. ADVERSE POSSESSION ⬅66(2)—CLAIM OF TITLE—MISTAKE.

Title acquired by possession of a disputed strip of land for a continuous period of ten years, under a belief that the line claimed was the true line, is good, even though the belief as to the correct location of the line originated in a mistake, and such title is not affected by what claimant or his predecessors might or might not have claimed had they known they were mistaken.

Appeal from Circuit Court, Clay County; A. H. Alston, Judge.

Ejectment by Hoyt B. Bachus and others against J. \ an J. Smith. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

The following is charge 10 given for plaintiff:

I charge you that defendant in this suit is not entitled to hold any land that he is in possession of, to which he has not shown a paper title, unless he or his predecessors in title were in actual adverse possession of for more than ten years prior to March 1893.

Cornelius & Lackey, of Ashland, for appellant. Blackwell, Agee & Bibb, of Anniston, for appellees.

SAYRE, J. This was a statutory action of ejectment. The pleadings and the evidence show that the contention between the parties arose out of a disputed boundary line, which might have been determined by the correct location of the government survey line between S. W. ¼ of S. W. ¼ of sec. 10, for which plaintiff (appellee) sued, and S. E. ¼ of S. E. ¼ of sec. 9, T. 18, R. 9, in the county of Clay, or on defendant's (appellant's) claim of title by adverse possession. There was, however, no formal suggestion that the suit arose over a disputed boundary line, as contemplated in the last part of section 3843 of the Code. Plaintiff relied upon the line surveyed and located by Curry and Caldwell in 1897 as the true line between the 40's in question, while defendant contended that the true line was shown by an old hedgerow some distance to the east of the Curry-Caldwell line, and, in any event, that he had acquired title to the land between by adverse possession. The Curry-Caldwell line was established by the verdict and judgment. This is defendant's second appeal. Smith v. Bachus, 195 Ala. 8, 70 South. 261.

[1] That part of the court's oral charge to which exception was reserved, though read in connection with the subsequent correction

or explanation, was error. It misplaced the general burden of proof, which of course rested 'upon the plaintiff, or it assumed that the land in controversy, defined as we have indicated by the Curry-Caldwell line on one side and the old hedgerow on the other, was in section 10, as plaintiff claimed. The correct location of the government survey line between sections 9 and 10, and so, aside from the issue of adverse possession, the line between the parties, was disputed in the pleadings and the evidence, and any assumption by the court one way or the other as to this disputed fact was erroneous and manifestly prejudicial.

[2] The court also erred in giving charge 10 at plaintiff's request. It appeared in evidence clearly enough that defendant claimed the land on his side of the line, however and wherever located, by inheritance from his mother, and therefore to him and his claim of adverse possession the statute of February 11, 1893, did not apply. Holt v. Adams, 121 Ala. 664, 25 South. 716, where the act (section 1541 of the Code of 1896; section 2830 of the Code of 1907) is referred to as being of date 1895; Kretzer v. Jackson, 183 Ala. 642, 62 South. 811, and cases there cited. It may be noted also in this connection that, since the Code of 1907 went into effect, this law, providing, in one alternative, that "adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded," etc., has not applied to cases involving a question as to boundaries between coterminous owners.

[3] In view of some charges given at plaintiff's request, it is proper to state that, if defendant or his predecessor in claim and title, either separately or both connectedly, held actual possession of the disputed strip under a claim of right, openly and exclusively for a continuous period of ten years, believing that the hedgerow was the true line, then defendant or his predecessor thereby acquired title up to that line, even though the belief as to its correct location originated in a mistake, and the title so acquired was not to be affected by what defendant or his predecessor might or might not have claimed had they known they were mistaken. Hoffman v. White, 90 Ala. 354, 7 South. 816.

No issue was taken on defendant's disclaimer as to a part of the land sued for. As to the part described in the disclaimer plaintiff was entitled to judgment, and there was no necessity or occasion for submitting to the jury for decision or incorporation in their verdict any question as to it. The course adopted in this case was perhaps calculated to confuse the jury in respect of the only question properly submitted to them, viz. the issue as to the title to the strip of land lying between the Curry-Caldwell line and the old hedgerow.

Numerous other exceptions were reserved. Of the rest it will suffice to say that some of them were settled in substance on the former appeal; others are not sufficiently insisted upon in the brief; and still others are rather obviously without more than the form of reversible error,. since they worked no harm to defendant's case; and none of them will probably recur in their present shape.

We need say no more. The case was discussed at length on the former appeal.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.