(91 South. 793)

**SPRAGINS v. FITCHEARD.**    (8 Div. 294.)

(Supreme Court of Alabama.    May 12, 1921. Rehearing Denied Nov. 24, 1921.)

1. **Ejectment ⬅15(1)—That parties traced title to common source did not estop them from showing title by adverse possession.**

In a suit in statutory ejectment where the parties traced their paper titles to a common source, it is sufficient to prove a title derived from the common source without proving an anterior title as neither party can deny such title; but this does not estop parties from showing title by adverse possession.

2. **Adverse possession ⬅85(2)—Matter at issue held to require admission of evidence showing title by adverse possession in plaintiff.**

In a suit in statutory ejectment, evidence as to the parties' claim to ownership up to a certain line *held* to require admission of the evidence offered by plaintiff to show the interpretation put upon the deed by the parties in interest and to show a title to the land in suit by adverse possession in plaintiff.

3. **Adverse possession ⬅66(1)—Statute requiring recorded deed to convey title by adverse possession held not applicable to boundary dispute.**

The provision of Code 1907, § 2830, that "adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded," *held* not to apply to a statutory ejectment action where the question was one of boundaries between coterminous owners.

4. **Appeal and error ⬅345(1)—Motion to dismiss denied, where time between judgment and taking of appeal was extended by pendency of motion for new trial.**

Although an appeal was taken more than six months after judgment on the verdict,

where there was a motion for a new trial raising the same questions that had been raised at the trial, and the record does not show that six months elapsed before the ruling on the motion which plaintiff had a right to bring into review and the filing of security for the costs of appeal by which the appeal was taken, the motion to dismiss the appeal should be denied in view of Acts 1919, p. 84.

**5. Appeal and error ⚌⚌ 1127—Motion to dismiss because transcript was not filed within 60 days should be submitted at same time or before submission on merits.**

In the absence of a stipulation for the submission of a motion to affirm for the reason that the transcript was not filed with the clerk of the Supreme Court within 60 days after the signing of the bill of exceptions, at the same time with the submission on the merits, it should have been submitted for ruling in advance of the submission on the merits.

### On Application for Rehearing.

**6. Ejectment ⚌⚌ 81—Unless defendant suggests that the question is only one of disputed boundary, the action must be tried upon the issue of title.**

In view of Code 1907, §§ 2830, 3843, whether title has been acquired by adverse possession depends upon the defendant's election to disclaim possession of the premises sued for in a case involving a disputed boundary, and unless the defendant so elects the case must be tried as a cause in ejectment, that is, upon the question of title.

Anderson, C. J., and McClellan, J., dissenting on the merits.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Ejectment by Robert E. Spragins against Nick Fitcheard. Judgment for the defendant, and plaintiff appeals. Reversed and remanded.

Spragins & Speake, of Huntsville, for appellant.

Where both claim from a common source, estopped to deny or dispute title of that source, and neither need trace title beyond that source. 73 South. 197; 75 South. 908; 190 Ala. 597, 67 South. 403. Plaintiff was entitled to show that defendant claimed from the same common source. 190 Ala. 597, 67 South. 403. If there was evidence from which the jury could infer that defendant claimed from the common source, defendant cannot deny that title. 184 Ala. 153, 63 South. 947. The deeds were admissible to show acts of ownership. 183 Ala. 620, 62 South. 879. Possession is prima facie evidence of title, and is sufficient to support recovery against those who do not show prior possession for a better title. 74 South. 947. Section 2830, Code 1907, is without application to the present case. 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; 139 Ala. 346,

37 South. 98; 121 Ala. 664, 25 South. 716; 200 Ala. 304, 76 South. 70; 184 Ala. 204, 63 South. 1003; 171 Ala. 498, 55 South. 164; 167 Ala. 623, 52 South. 527.

Betts & Richardson, of Huntsville, for appellee.

The defendant held on a former judgment against this plaintiff, and was a bona fide holder under color of title. 172 Ala. 28, 54 South. 613; 180 Ala. 393, 61 South. 885. The court properly directed a verdict for the defendant. 183 Ala. 617, 62 South. 797; 183 Ala. 509, 62 South. 783; 200 Ala. 507, 76 South. 449; 107 Ala. 531, 18 South. 108.

SAYRE, J. Plaintiff (appellant) sued defendant in statutory ejectment for the recovery of 11.62 acres of land described by metes and bounds as follows:

"Beginning at a stake twenty-eight and forty-hundredths (28.40) chains north of the southeast corner of section thirty (30), township five (5) south, range one (1) west, on section line; thence south," etc.

Further the land was described in plaintiff's declaration as "being a strip of land off the north and of that certain tract of land conveyed to Mourning T. Hembee by deed of J. H. J. Williams," etc., wherein the land conveyed (by Williams) was described as "the upper one-half of the tract purchased of John M. Crowder," etc. Afterwards the plaintiff amended the complaint by striking out the words "the same being a strip of land off the north end," etc., and "the upper one-half of the tract purchased of John M. Crowder," etc. The court directed a verdict for defendant.

[1] It was very clearly made to appear in the trial court, as the record here discloses, that the parties traced their paper titles back to a common source, viz.: J. H. J. Williams. In such case it is sufficient to prove a title derived from the common source without proving an anterior title, as neither party can deny such title. 5 Michie, Dig. p. 271, where cases from Pollard v. Cocke, 19 Ala. 188, to Florence Bldg. Assn. v. Schall, 107 Ala. 531, 18 South. 108, are cited. But this did not estop the parties to show title by adverse possession (Stewart v. Ransom, 204 Ala. 589, 87 South. 89), and plaintiff did claim title by adverse possession antedating defendant's possession, and in this latter case there was no need to trace title beyond his possession.

[2, 3] This case appears to have been tried by defendant in the trial court, and by the court, upon the theory that, if the land in suit was situated in the mathematical and geographical north half of the tract conveyed by J. H. J. Williams to Arthur Williams, from whom plaintiff derived paper title to the south half of the same tract, then

plaintiff could not recover. This theory of the case overlooks plaintiff's claim of title by adverse possession prior to the possession of defendant, which plaintiff offered to show in evidence. Furthermore, plaintiff offered to show that about the time of the execution of the deed from J. H. J. Williams to Arthur Williams and to Mrs. Hembee, under the latter of whom defendant claimed—these two conveyances were evidenced by one deed—and inferably with a view to the execution of the deed, or to mark the line by which the grantor's deed had already divided between Arthur Williams and Mrs. Hembee, his children, a surveyor located the line between the south half and the north half of the tract as being at an old road, and either the surveyor or Arthur Williams set up a stone to mark the location of the line so determined. Mrs. Hembee was not present at the location of this line, but the evidence afforded an inference that her husband, who was there, acted in her behalf, and that subsequently and for many years she, or her tenants on one hand, and plaintiff or his tenants and predecessors in title on the other, cultivated the land on their respective sides and exercised other acts of ownership up to the line so laid down. This state of the case required the admission of the evidence offered by plaintiff to show the interpretation put upon the deed by the parties in interest and to show a title to the land in suit by adverse possession in plaintiff. Brown v. Cockerell, 33 Ala. 38; Hopkins v. Duggar, 204 Ala. 626, 87 South. 103; Smith v. Bachus, 201 Ala. 534, 78 South. 888; Hoffman v. White, 90 Ala. 354, 7 South. 816; Alexander v. Wheeler, 69 Ala. 332. Nor did the provision of the Code, § 2830, that "adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded," etc., apply to this case, for, clearly, the question between the parties was one of boundaries between coterminous owners. Smith v. Bachus, supra. If the evidence offered by plaintiff had been admitted, the result, to say the least, would have been for jury decision.

[4, 5] The docket shows a submission of this cause "on motion and on merits." There are two motions shown by a paper writing in the file: One, to dismiss the appeal for that the judgment appealed from was rendered more than six months before appeal taken (Acts 1919, p. 84); the other, to affirm for the reason that the transcript was not filed with the clerk of this court within 60 days after the signing of the bill of exceptions. Id. It does not appear, however, that either motion was filed with the clerk. Neither was spread upon the motion docket. Assuming, with reservation, that these motions are before the court, they are overruled. As to the first mentioned it may be noted that the appeal was taken more than six months after judgment on the verdict; but there was a motion for a new trial raising the same questions that had been raised at the trial (Florence Co. v. Field, 104 Ala. 471, 16 South. 538), and the record does not show that six months elapsed before the ruling on the motion, which plaintiff has a right to bring into review, and the filing of security for the costs of appeal by which the appeal in this case was taken. Act, supra. The motion referred to in the second place, supra, in the absence of a stipulation for its submission at the same time with the submission on the merits, should have been submitted for a ruling in advance of the submission on the merits. ..

Reversed and remanded.

All the Justices concur, except ANDERSON, C. J., who dissents from the ruling on the motion to dismiss the appeal because not taken within six months of the ruling on the motion for a new trial.

### On Application for Rehearing.

SAYRE, J. [6] In their brief on rehearing attorneys for appellee contend that the last clause of section 2830 of the Code, viz., "Nor [shall this section be construed as applying] to cases involving a question as to boundaries between coterminous owners," was intended to mean that the preceding provisions of the section, viz., "adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded," etc., and several other alternatives therein mentioned—that the concluding clause, quoted above, was intended to apply where a "case" or "lawsuit" is being tried under section 3843 of the Code. In section 3843 of the Code it is provided that—

"The defendant may, * * * in an action in the nature of ejectment, disclaim possession of the premises sued for, in whole or in part. * * * The defendant in his disclaimer may suggest to the court that the suit arises over a disputed boundary line, and thereupon the court shall make up and * * * submit to the jury the question of the true location of the line," etc.

It is plain on this language of the Code that the defendant only may make the suggestion, and it would seem to be equally clear that, unless the defendant does elect to make the suggestion, the cause must be tried as causes in ejectment in general are tried, that is, upon the question of title. Also, it is held by this court that, when such disclaimer and suggestion are made, the issue between the parties is not one of title. Section 2830 prescribes how and on what conditions title may be acquired by adverse possession. It takes ten years in any circumstances to perfect a title by adverse possession, and the possession during the entire

time must be evidenced as prescribed except in the conditions prescribed. Appellee's contention then comes to this: Section 2830 prescribes the conditions in which title may be acquired by adverse possession, but whether title has been so acquired depends upon the defendant's election when an action to recover title comes on to be tried. Of course, the Legislature had no such intention, nor does the language used give the slightest intimation of such intention. Appellee's contention, to state its effect in different language, is that by the concluding clause of section 2830 of the Code evidence of adverse possession is to be excluded in cases in which a suggestion is made as provided in section 3843 of the Code, which suggestion comes to this, that the clause was intended to exclude evidence of title in cases in which title cannot be litigated. Of course, the Legislature did not so intend.

Counsel for appellee inquires what the court expects to do with the decisions in Jeffrys v. Jeffrys, 183 Ala. 617, 62 South. 797, and Livingston v. Nelson, 200 Ala. 507, 76 South. 449. What we do with them is this: In the last-named case the result at least was correct, for, in that case a suggestion, disclaiming possession and, according to previous decisions, excluding proof of title, was made as provided by section 3843. As to Jeffrys v. Jeffrys, all we can do is to say that if, the facts considered, it holds differently from the opinion here expressed, it will no longer be followed.

Application overruled.

All the Justices concur, except ANDERSON, C. J., and McCLELLAN, J., who dissent.

ANDERSON, C. J., and McCLELLAN, J. (dissenting on the merits) entertain the opinion that the application for rehearing should be granted and an order of affirmance should be entered.

The action is statutory ejectment, to recover 11.62 acres of land, and was instituted by the appellant against appellee. At the conclusion of plaintiff's (appellant's) evidence, the court practically directed a verdict for the defendant—an action entirely justified by the failure of the plaintiff (appellant) to discharge his burden to show, at least prima facie, a right to recover. In ejectment, a plaintiff must recover on the strength of his own right, as distinguished from the weakness of his adversary's. Carpenter v. Joiner, 151 Ala. 454, 44 South. 424, among many others recognizing this commonplace principle.

The plaintiff (appellant) offered a deed from J. H. J. and Susan A. Williams purporting to convey several different acreages to their respective children and a grandchild. One of these was a son, J. Arthur Williams, back to whom plaintiff undertook to trace his

title. On defendant's objection, the feature of the deed purporting to convey a separate tract or parcel to Mrs. Hembee was excluded, the plaintiff (appellant) stating, in response to inquiries, that he did not claim through Mrs. Hembee, but through J. Arthur Williams. To this ruling plaintiff (appellant) took no exception, and does not on this appeal question this ruling of the court. Hence it must be accepted, for the purposes of this review, that the Hembee feature of the deed, from J. H. J. and Susan A. Williams, was not in evidence. The pronouncement in the majority opinion that these parties were shown to trace or did trace "their paper titles back to a common source, viz., J. H. J. Williams," is not justified by this record. The defendant offered no evidence. There was no admission for defendant that he traced his paper title back to J. H. J. Williams as the common source of title. There was no evidence of the source or claim of source of defendant's title. To invoke, in a plaintiff's behalf, the rule of law consequent upon claim of title by both parties from a common source, either there must be an admission of that fact or the plaintiff must establish it by proof. Butt v. Mastin, 143 Ala. 321, 324, 39 South. 217; 7 A. L. R. pp. 860, 883 et seq. Instead of there being an admission by defendant that he claimed title from the common source stated, the record recites (page 29):

"Counsel for plaintiff then said at the commencement of the case he stated both sides claimed title from the same source. Counsel for defendant claimed he had more [made] no agreement that such was the fact, but had objected to plaintiff's alleged title."

The trial court's definition of the only issue in the cause under the evidence concluded to like effect, viz., that there was neither admission nor evidence showing defendant's claim of title from J. H. J. Williams or Susan A. Williams. The court correctly thus defined the issue: " * * * The issue now in this case is whether this land is in the lower half" of the tract mentioned in the conveyance to J. Arthur Williams.

In excluding plaintiff's proffered evidence of adverse possession, the court had and applied the sound authority of Jeffrys v. Jeffrys, 183 Ala. 617, 62 South. 797, construing Code, § 2830. Its doctrine was approvingly declared in Livingston v. Nelson, 200 Ala. 507, 508, 76 South. 449, citing it as authority. That this court did not intend to overrule Jeffrys v. Jeffrys, supra, as a settled construction of Code, § 2830, through the deliverance in Smith v. Bachus, 201 Ala. 534, 78 South. 888, is obvious; no reference to it being made in the opinion in Smith v. Bachus. The like observations may be made with respect to Hopkins v. Duggar, 204 Ala. 626, 87 South. 103.