## GOODLOE v. GUSMUS. (8 Div. 530.)

(Supreme Court of Alabama. Nov. 1, 1923.)

Adverse possession ⊙⟶66(2)—Title to strip beyond true boundary acquired by actual possession through mistake as to location of true boundary.

Title to a strip of land beyond the true boundary was acquired by actual possession through a mistake as to the location of the true boundary under a claim of right to such strip though the possessor might not have claimed the land had he known that he was in possession thereof under a misapprehension as to the location of the true boundary.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Action in ejectment by Judith S. Goodloe against Louis Gusmus. From a judgment for defendant, plaintiff appeals. Affirmed.

Kirk & Rather, of Tuscumbia, for appellant.

The possession of a coterminous land owner beyond the true boundary line is not adverse, or presumably adverse, when he holds under the mistaken belief that he is occupying land within the boundaries described in his deed and has no intention to claim beyond his true line. Brown v. Cockerell, 33 Ala. 38; Alexander v. Wheeler, 69 Ala. 332; Dothard v. Denson, 72 Ala. 541; Davis v. Calkwell, 107 Ala. 526, 18 South. 103; Walker v. Wyman, 157 Ala. 478, 47 South. 1011.

Andrews & Peach and Nathan & Nathan, all of Sheffield, for appellee.

Under the circumstances, defendant's occupancy of the land in question was adverse, and he acquired title thereto. Holt v. Adams, 121 Ala. 664, 25 South. 716; Hess v. Rudder, 117 Ala. 525, 23 South. 136, 67 Am. St. Rep. 182; Walker v. Wyman, 157 Ala. 478, 47 South. 1011.

SAYRE, J. In this action of ejectment between appellant as plaintiff and appellee as defendant the subject of controversy was a strip of land approximately 30 feet wide and lying between an east and west pike road on the north and the south line, according to the government survey, of the southwest quarter of section 26—north line of northwest quarter of section 35—township 3, range 11 west, in Colbert county. The trial court gave the general affirmative charge for defendant, and rendered judgment accordingly, after which this appeal.

All rulings assigned for error depend upon the determination of the question whether the general charge was properly given for defendant. Our judgment is that it was.

The parties traced their paper titles back to a common source, Martha B. Steele, who died in 1895, seised and possessed of both the quarter sections above referred to. Plaintiff claimed as heir; defendant claimed by purchase from her administrator at a sale had in 1898; but at that sale defendant became the purchaser of "the northwest quarter of section 35," so that his paper title availed him nothing.

However, he claimed, also by adverse possession, and it is clear that until recently and shortly before this suit was brought everybody concerned in the ownership of the body of land left by Mrs. Steele considered that the pike road was coincident with the government line between sections 26 and 35. This misapprehension is disclosed, not only by the general tenor of the evidence, but in particular by a proceeding had in 1917 between the heirs of Martha B. Steele for the partition of the land in section 26 in the chancery court wherein the pike road is treated throughout as the south line of that section. The evidence goes to show clearly and without dispute that when defendant purchased the northwest quarter of 35 in 1898 he was, in keeping with the general error we have mentioned, put into possession up to the line of the pike as being the north line of 35, and that continuously, exclusively, and under claim of right, he has since then, for more than 20 years, occupied the land up to the pike, building a residence and outhouses, which in part covered the strip in dispute, and cultivating the same in connection with the rest of the northwest quarter of section 35. There was nothing in the evidence to indicate that defendant's possession originated in an admitted possibility of mistake, no reason to doubt that defendant believed the pike road lay along the government line between sections 26 and 35. Upon the facts stated, defendant by his possession acquired title up to the pike, even though his belief that the road was coincident with the section line originated in a mistake, and, in these circumstances, the title so acquired was not affected by any question as to what defendant might or might not have claimed had he known there might be a mistake. Hopkins v. Duggar, 204 Ala. 626, 87 South. 103; Smith v. Bachus, 201 Ala. 534, 78 South. 888; Hoffman v. White, 90 Ala. 354, 7 South. 816; Alexander v. Wheeler, 69 Ala. 332.

There was no error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes