(107 So. 812)

## STEELE v. ALLEN. (8 Div. 825.)

(Supreme Court of Alabama. March 18, 1926.)

Ejectment ⊂⇒84(3)—Evidence of plaintiff's adverse possession of disputed strip held admissible, notwithstanding defendant's suggestion that suit arose over disputed boundary (Code 1923, §§ 6069, 7457, 6439–6441).

In ejectment, evidence of plaintiff's adverse possession of disputed strip before and since enactment of Code 1923, § 6069, held admissible, though defendant suggested that suit arose over disputed boundary line under section 7457; sections 6439–6441 being inapplicable.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action of ejectment by Wilson L. Allen against John B. Steele. From a judgment for plaintiff, defendant appeals. Affirmed.

Proctor & Snodgrass, of Scottsboro, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Without a compliance with Code, § 6069, plaintiff could not claim land without the boundaries described in his muniments of titles. Livingston v. Nelson, 76 So. 449, 200 Ala. 507; Oliver v. Oliver, 65 So. 373, 187 Ala. 340. When a coterminous owner goes over his line, intending only to claim to the true line, he is not an adverse claimant. Mobile & G. R. Co. v. Rutherford, 63 So. 1003, 184 Ala. 207; Hornsby v. Tucker, 61 So. 928, 180 Ala. 418; Gibson v. Gaines, 73 So. 929, 198 Ala. 583; Walker v. Wyman, 47 So. 1011, 157 Ala. 481; Taylor v. Fomby, 22 So. 910, 116 Ala. 626, 67 Am. St. Rep. 149.

John B. Tally, of Scottsboro, for appellee.

Counsel discusses the questions raised, but without citing authorities.

SAYRE, J. The parties are coterminous landowners; plaintiff on the east, defendant on the west. The land in dispute is a strip running (approximately) north and south along the dividing line between two 40's on the east and two on the west. More accurately described as to dimension, the strip in controversy is 26 feet wide at the north end and 133 feet wide at the south end. In the amended complaint the description is by metes and bounds, natural objects and distances, defining the land in controversy as above stated. Plaintiff's muniment of title showed a conveyance of the N. E. ¼ of the S. E. ¼ and the S. E. ¼ of the N. E. ¼ of section 14. The deed under which defendant claimed showed a conveyance of S. W. ¼ of N. E. ¼ and N. W. ¼ of S. E. ¼ of the same section. Moreover, plaintiff undertook to prove, and, with the court's approval, introduced evidence tending to show, title by adverse possession antedating the requirements of section 6069 of the Code of 1923 by more than ten years, and also evidence of adverse possession since the enactment of section 6069—this last because the suit involved a question of boundary between coterminous owners to which section 6069, as construed in Spragins v. Fitcheard, 91 So. 793, 206 Ala. 694, does not apply.

The only exceptions worthy of note related to the action of the court in admitting evidence of plaintiff's adverse possession. Of course, if the controversy between the parties had been determinable on a finding as to the proper construction and effect of the muniments of title alone, as in Oliver v. Oliver, 65 So. 373, 187 Ala. 340, and Livingston v. Nelson, 76 So. 449, 200 Ala. 507, cases to which appellant (defendant) refers, the sole proper function of evidence in the cause would have been the location of the government line between the parties; that is, the true location, according to the government survey, of the east line of section 14, by relation to which the dividing line between the parties was to be, or had been, located. Defendant sought by his suggestion that the suit arose over a disputed boundary line (section 7457 of the Code) to eliminate any claim of title by adverse possession on the part of plaintiff, but the ruling in Spragins v. Fitcheard, supra, was that plaintiff's claim of title by adverse possession could not be disposed of in that fashion. The verdict, under appropriate instructions from the court, responded to both issues, and the judgment, entered accordingly, must be affirmed.

Appellant refers to sections 6439–6441, sections new to the Code of 1923, as authorizing a suggestion by either party that the suit arose out of a disputed boundary line, and so as clearing up the difficulties which have theretofore been found in the administration of section 7457 of the Code; but these sections very appropriately permit the filing of a bill in equity in such cases so that the true boundary line between the parties, whether to be determined by a location of government

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or other lines described in muniments of title or by adverse possession, may be ascertained under the direction and control of the court. They have no operation or effect upon an action of ejectment such as this is.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.