(133 So. 586)

### ATKINS v. CUNNINGHAM.

6 Div. 798.

Supreme Court of Alabama.

April 2, 1931.

Wilson Kelley, of Vernon, for appellant.

R. G. Redden, of Vernon, for appellee.

THOMAS, J.

The bill was to establish a disputed boundary line between coterminous and contiguous landowners.

The statutes having application are sections 6439, 6440, Code; Acts 1923, p. 764; and recent constructions thereof are found in Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Steele v. Allen, 214 Ala. 285, 107 So. 812; Vines v. Sligh, 221 Ala. 181, 128 So. 143. It is established that in a suit in equity to determine a boundary line, the court has authority to determine all questions, including the issue of adverse possession, essential to final adjudication and settlement of the true boundary line.

In respondent's answer are the following averments:·

"The respondent admits that the complainant is the owner of the NW ¼ of the NW ¼ of Sec. 16, T. 17, R. 15 West in Lamar County, Alabama, and that the respondent, D. W. Cunningham, owns and is in possession of the SW ¼ of SW ¼ of Sec. 9, T. 17, R. 15 West in Lamar County, Alabama, but that respondent denies that he is trespassing on any lands belonging to the complainant, but on the contrary avers that he is the owner and has been in possession of the land which is the subject of this controversy for more than twenty years, that such possession has been with the consent of the complainant, and has been open, notorious, hostile, undisputed, continuous, adverse, against the claims of all per-

sons and with the knowledge of the complainant, and that the boundary line claimed by the respondent, D. W. Cunningham, is the true and correct boundary line of the lands owned by the parties to this suit and has been regarded and accepted as such for a period of more than twenty years."

We have carefully considered the record and evidence disclosed thereby, and find no reversible error in the decree deciding the controverted issue of fact and establishing the ancient line as so held and regarded as the true line between coterminous owners for twenty-five or thirty years. Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Smith v. Bachus, 201 Ala. 534, 78 So. 888; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Home Loan Co. v. Calhoun, 213 Ala. 408, 104 So. 797.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.