29 So.2d 230

**MINTZ v. MILLICAN et al.**

**7 Div. 869.**

Supreme Court of Alabama,
Oct. 10, 1946.

Rehearing Denied March 6, 1947.

Ross Blackmon, of Anniston, for appellant.

684

LAWSON, Justice.

This is a statutory action in the nature of ejectment by A. C. Mintz against Lola Mae Cox Millican, R. J. Millican and A. L. Dooley.

The defendants, pursuant to § 942, Title 7, Code 1940, filed a plea of disclaimer and made suggestion in writing that the suit arose over a disputed boundary line, and described the location of the line as claimed by them by landmarks, monuments, courses and distances, averring that such line was all in accordance with the original government survey. Plaintiff by replication described the location of the boundary line as claimed by him, using landmarks, monuments, courses and distances, but did not aver that such line was in accordance with the original government survey. According to averments of plaintiff's replication, he and his predecessor in title have been in adverse possession of the property here involved for more than twenty years and the boundary line as defined by him was fixed by previous surveys and has been recognized and acquiesced in by the coterminous owners as being the true and correct line for more than twenty years.

The trial was had on disclaimer and suggestion of defendants and the replication thereto by the plaintiff. The jury ascertained the true boundary line to be as claimed by defendants and judgment was rendered accordingly. Plaintiff appeals, and presents for review among other questions the refusal of the trial court to permit him to introduce evidence of adverse possession.

This case appears to have been tried by the defendants, and by the trial court, upon the theory that the suggestion of the defendants that the suit arose over a disputed

boundary line eliminated any claim of title by adverse possession on the part of the plaintiff.

This question of the admissibility of evidence of adverse possession in cases where the defendant suggests a boundary line dispute has proven perplexing and difficult to this court and no doubt the decisions relating thereto have been the source of much concern to the trial judges and members of the profession. Expressions contained therein cannot all be reconciled.

Mr. Justice Foster, writing for the court in the case of Forrester v. McFry, 229 Ala. 324, 157 So. 68, 70, construes prior decisions on the subject as laying down the following rules:

"In pleas 2, 3, and 4 defendant makes the same suggestion that the suit involves a dispute as to the boundary between their lands, and describes the same line which he claims to be the true line, and then alleges his adverse possession of the land extending to that line, for ten and twenty years, respectively.

"It will be noted that the description, so stated, is that the line extends along the Indian boundary line, and then sets out the location of that line. It therefore undertakes to locate a line fixed by the government survey, nothing more. This cannot be done by adverse possession. Mixon v. Pennington, 204 Ala. 347, 85 So. 562; Wade v. Gilmer, 186 Ala. 524, 64 So. 611; Pounders v. Nix, supra [222 Ala. 27, 130 So. 537].

"We have held that when the issue is not thus framed, but that when a certain described line is alleged to be the boundary, and that line is not controlled by the government survey, it may be so established, in equity, by adverse possession. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55; Smith v. Cook, 220 Ala. 338, 124 So. 898; Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558. The same is true at law on such an issue. Oliver v. Oliver, 187 Ala. 340, 65 So. 373; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Steele v. Allen, 214 Ala. 285, 107 So. 812.

"This does not conflict with the settled doctrine that defendant cannot in the same suit in ejectment disclaim possession and plead not guilty to the same portions of the land sued for. Mixon v. Pennington, supra; Wade v. Gilmer, supra.

"Section 7457, Code [Code 1940, Tit. 7, § 942], confers the power on courts of law to ascertain the true location of the boundary line, such as is conferred upon courts of equity. Sections 6440 and 6465, Code [Code 1940, Tit. 47, § 3; Tit. 13, § 129].

"When defendant describes the true line by courses, distances, landmarks, and monuments, and does not confine it to the true location of the government survey, adverse possession may be sufficient to establish it as such."

The issues are not framed solely by the complaint and the plea or suggestion of the defendant. If the replication of the plaintiff describes the line which he contends to be the true line by courses, distances, landmarks and bearings and does not, confine it to the true location of the government survey, the plaintiff is entitled to introduce evidence of adverse possession.

We are of the opinion that the replication of the plaintiff in this case is so framed that the issue was not limited to the original government survey and that he should have been permitted to introduce evidence of adverse possession. It follows, therefore, that the trial court erred to a reversal in refusing to permit him to make such proof. Steele v. Allen, 214 Ala. 285, 107 So. 812; Forrester v. McFry, supra; Hancock v. Warren, 235 Ala. 180, 177 So. 907; Cox v. Cook, 245 Ala. 668, 18 So.2d 406. The original transcript in the case last cited has been examined and we find that the pleadings contained therein are in material respects very similar to those of the instant case. While it is true that the defendant in that case interposed a plea of not guilty as well as a disclaimer and suggestion of the boundary line dispute, this court, recognizing the inconsistency of such pleas, considered the case as if it had been tried on the suggestion of the defendant and the replication thereto by the plaintiff. We think it direct authority for the conclusion here reached.

Appellee insists that the cases of Wade v. Gilmer, 186 Ala. 524, 64 So. 611, and Howard v. Brannan, 188 Ala. 532, 66 So. 433, are here controlling. With this contention we cannot agree. In both of those cases the sole issue as raised by the pleadings was the location of the original government survey.

In view of the fact that the court refused to permit the introduction of evidence tending to show adverse possession by the plaintiff, the charges requested by him relating to adverse possession were correctly refused as being abstract.

For the error indicated, the judgment is reversed.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.