# Cochran *v.* Kimbrough.

### *Ejectment.*

(Decided Nov. 12, 1908. 47 South. 709.)

1. *Ejectment; Admission of Possession; Pleading.*—By a plea of not guilty defendant admits possession of all the lands sued for.

2. *Trial; Instructions; Misleading.*—Trial Courts will not be reversed for giving or refusing instructions merely misleading.

3. *Adverse Possession; Jury Question.*—Where there was evidence from which the jury might find that defendant had acquired title to a few acres of a certain 40 before plaintiff procured a deed to the 40 in controversy, a charge asserting that if the jury was reasonably satisfied that the land in dispute was any part of the land to which plaintiff had acquired title, the jury should return a verdict for plaitiff was properly refused.

APPEAL from Greene Circuit Court.
Heard before Hon. W. H. SPROTT.

Ejectment by James E. Cochran against George Kimbrough. From a judgment for defendant as to part of the lands sued for plaintiff appeals. Affirmed.

The following charges were refused to the plaintiff: (1) The charge first discussed in the opinion was the general affirmative charge to find for the plaintiff. (3) "The court charges the jury that if from the evidence they are reasonably satisfied that the land in dispute is a part of the N. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 1, township 22 range 2 E., then the jury should return a verdict for the plaintiff." (6) "The court charges the jury that, if they believe from the evidence that the land sued for is a part of the land which was described in and conveyed by the deed executed by the administrator of the estate of D. O. McGehee to the plaintiff, then they should return a verdict for the plaintiff."

HARWOOD & McKINLEY, for appellant. The lower court erred in overruling appellant's objections to the introduction in evidence by defendant, of the Brane and Moore deed: 1. The plea of not guilty was a conclusive admission of possession, and the deed neither tended to prove defendant's title, nor disprove plaintiff's, to the premises sued for.—Code 1896, Sec. 1532; *Ramsey v. Henderson,* 91 Mo. 560; *Hart v. Williams,* 189 Pa. 31; *Morring v. Tipton,* 126 Ala. 350. 2. Neither was the deed admissible as "color of title" as it did not even purport to convey the premises sued for.—*Beverly v. Burke,* 54 Am. Dec. 351; *Black v. Tenn., etc. Co.,* 93 Ala. 109, (113); *Ledbetter v. Borland,* 128 Ala. 418; *Wilson v. Johnson,* (Ind.) 43 N. E. 930; *Chenault v. Quisenberry,* 56 S. W. 410; *Slatton v. Tenn. Coal & R. Co.,* 109 Tenn. 415; *Albert Hanson Lumber Co. v. Angelloz,* 43 So. Rep. 529; *Allmendinger v. McHie,* 189 Ill. 308.

The lower court erred in overruling and denying appellant's motion to exclude from the jury the statement of the witness Caleb Alley, that "Capt. Alley told me that was the line." See 6th assignment of error.— *Jones v. Ross,* 98 Ala. 448 (450) ; *Sou. Iron Works v. Cent. of Ga.,* 131 Ala. 649; *Hunnicut v. Peyton,* 102 U. S. 364.

The lower court erred in refusing to give written charge No. 1, which was requested by the appellant. —*Black v. Tenn. etc. Co.,* 93 Ala. 111; Code 1896, Sec. 1549; *Glidden v. Andrews,* 10 Ala. 166. The lower court erred in refusing to give charge No. 2, which was requested in writing by the appellant.—*Alexander v. Wheeler,* 69 Ala. 332, (340) ; *Hess v. Rudder,* 117 Ala. 528; *Davis v. Caldwell,* 107 Ala. 526 (530) ; *Humes v. Bernstein,* 72 Ala. 586. The lower court erred in refusing to give charges Nos. 6 and 3, which were requested in writing by appellant.—*Alexander v. Wheeler,* 69 Ala. 332 (340) ; *Hess v. Rudder,* 117 Ala. 528.

McQueen & Hawkins, for appellee. The plea of not guilty having been filed and issue joined thereon, the appellee had the right to show adverse possession to the strip of land.—*Bynum v. Gould,* 106 Ala. 427; *Pioneer S. & L. Co.,* 106 Ala. 591; Code 1896, Sec. 1532. Where coterminous owners agree on a line and occupy up to it, or when one builds a fence as the dividing line, and occupies and claims to it as such, with knowledge of such claim by the other, the claim is presumptively hostile and the possession adverse.—*Hess v. Rudder,* 117 Ala. 425; *Brown v. Cockerell,* 33 Ala. 38; *Alexander v. Wheeler,* 69 Ala. 332; *Hoffman v. White,* 90 Ala. 354; *Davis v. Caldwell,* 107 Ala. 526; 46 Pa. St. 376; Mass. 294. As to adverse possession applicable to this case they cite.—*Holt v. Adams,* 121 Ala. 664; *Carter v. Chev-*

*alier,* 108 Ala. 568; *Malone v. Arends,* 116 Ala. 19; *Lucy v. Tenn. & C. R. R. Co.,* 92 Ala. 246; *Burks v. Mitchell,* 78 Ala. 63; *Wilson v. Glenn,* 68 Ala. 386; *Smith v. Roberts,* 62 Ala. 83. Boundaries may be proven by hearsay and by long acquiescence of the parties.— *Taylor v. Fomby,* 116 Ala. 621.

ANDERSON, J.—The defendant, by his plea of "not guilty," admitted possession of all the land sued for. He also admitted, upon the trial, that the plaintiff had the record title to same, and made no effort to show a divestiture of his said title, except by showing an adverse possession, by himself and preceding owners of the adjacent 40, of a few acres. Certainly the plaintiff was entitled to recover all the land, save these few acres, under any aspect, and was therefore entitled to a verdict, and the trial court would not have been reversed for giving charge 1, requested by the plaintiff . But, while it would not be reversible error to give said charge, trial courts have the right to refuse charges which are calculated to mislead the jury. The jury might well have inferred, from this charge, that the plaintiff should recover the land sued for—all the land, and the trial court was not compelled to give a charge which may have required an explanation to the jury to relieve it of misleading tendencies. The case of *Glidden v. Andrews,* 10 Ala. 166, is no authority that it was reversible error to refuse the charge in question. The facts are not similar. Moreover, the charge was given in said case, and the trial court was not reversed for doing so. Neither would the trial court be reversed for having given the charge in question.

It was a question for the jury as to whether or not the plaintiff acquired title to the few acres in dispute under his deed from the estate of McGehee, as there was evi-

[Cochran v. Kimbrough.]

dence that the owners of the respective 40's treated and recognized the line to which defendant claims as the true line, and claimed to same, for more than 10 years prior to the time, the plaintiff purchased, and, indeed, for more than 10 years before the defendant purchased from Braune & Moore, and that defendant had been in possession ever since, and from which the jury could infer that the title to these few acres was divested before plaintiff bought said 40, notwithstanding he had the record title to the entire 40. The trial court did not, therefore, err in refusing charges 3 and 6, requested by the plaintiff. They instruct a finding for the plaintiff as to all land embraced in the 40, if plaintiff had the record title, regardless of the evidence of adverse possession. It is insisted that there was proof that the defendant claimed only the land embraced in his 40, and up to this line, only in case his deed covered it, and that his claim was not adverse, if he claimed only to the true line. This contention was not established beyond dispute, as the defendant in effect denied the admission. Moreover, there was proof from which the jury could infer that the adverse possession of the defendant's predecessors had ripened into title long before the defendant bought the land.

Rulings of the trial court upon the evidence were either without error, or, if error was committed, it was error without injury.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.