(75 South. 392)

PINCKARD et al. v. ABEL. (7 Div. 864.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied May 17, 1917.)

1. TRIAL ⟨key⟩253(6)—INSTRUCTIONS IGNORING FACTS—AFFIRMATIVE CHARGE FOR PLAINTIFF.

In a trial of the right of property levied on, where claimant's title to part of the property was a question for the jury, the affirmative charge for plaintiff as to all the property was properly refused as bad in form and misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 618.]

2. NEW TRIAL ⟨key⟩39—GROUNDS—REFUSAL OF INSTRUCTIONS.

Where refusal of a charge is not error, denial of new trial for such refusal is not error.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 57–61.]

3. NEW TRIAL ⟨key⟩128(5)—FORM OF MOTION.

Where a verdict in trial of the right of property levied on is contrary to the evidence only as to a part of the property, the motion for new trial because the verdict is contrary to the evidence should be separable and should not go to the whole verdict, since in such proceeding there may be a double finding; that is, for plaintiff as to part of the property and for claimant as to the remainder thereof.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 261.]

Appeal from City Court of Gadsden; John H. Disque, Judge.

W. D. Pinckard and another, a partnership, recovered a judgment against D. C. Abel, and had it levied upon certain personal property, including a mule, and a certain mill outfit. Claim to one-third interest in the mill outfit and in the mule was interposed by O. R. Abel, and there was jury and verdict for claimant, from which plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Motley & Motley, of Gadsden, for appellant. Hood & Murphree, of Gadsden, for appellees.

ANDERSON, C. J. [1-3] This was a trial of the right of property, and it may be conceded that the defendant gave the mule in controversy to his son, the claimant, and that it was liable to the plaintiff's judgment, but the claim also involved a one-third interest in a milling outfit, and as to which the claimant's title was a question for the jury. Therefore the charge refused the plaintiff (the affirmative charge) was bad in form and was misleading, and its refusal was not reversible error. Cochran v. Kimbrough, 157 Ala. 454, 47 South. 709. Since reversible

error cannot be predicated upon the refusal of this charge, no reversible error can be grounded upon the denial of the motion for a new trial upon this point. As to the ground that the verdict was contrary to the evidence: It was not contrary to the evidence as to a part of the property, and, if contrary to the weight of the evidence only as to the mule, the motion should have been separable, and ought not to have gone to the whole verdict. In this kind of a proceeding there could have well been a double finding, that is, "We, the jury, find for the claimant as to the one-third interest in the mill, and further find that the mule belonged to the defendant and was subject to the plaintiff's execution." 

The judgment of the city court must be affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.