(78 South. 823)

BENNETT v. ALBRECHT. (5 Div. 684.)

(Supreme Court of Alabama. April 18, 1918.)

1. DEEDS ⟖108—PASSAGE OF TITLE—NECESSITY OF DELIVERY.

Title does not pass under a deed until it is delivered, no matter when signed and acknowledged.

2. DEEDS ⟖208(1)—EVIDENCE—DELIVERY OF DEED.

In ejectment, evidence held to show delivery of a deed under which plaintiff claimed.

3. APPEAL AND ERROR ⟖1064(1)—REVIEW—HARMLESS ERROR.

In ejectment, where plaintiff was entitled at least to recover an interest in the land, an affirmative charge for plaintiff, asserting such fact, but not stating the extent of the finding of such interest, while it could have been re-

<hr />

⟖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Ante, p. 58.

fused, if plaintiff was not entitled to recover all the land or the entire interest therein, was not reversible error.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Ejectment by H. W. Albrecht against John Bennett. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff claimed through a deed from E. G. Bennett as trustee, and Annie and Jappie Bennett and a deed from Jerre Bennett, unmarried, to E. G. Bennett as trustee for Annie and Jappie Bennett, his granddaughters, and evidence showing title in Jerre Bennett. The charge referred to as having been given for plaintiff was the affirmative charge.

J. W. Kelley, of Girard, and N. D. Denson & Sons, of Opelika, for appellant. Frank M. De Graffenried, of Seale, for appellee.

ANDERSON, C. J. [1, 2] Of course, title does not pass under a deed until it is delivered, no matter when signed and acknowledged, but we think that the only reasonable inference to be gathered from the evidence in this case is that the deed from Jerre Bennett to E. R. Bennett as trustee was delivered before the death of said grantor. True, the deed was not recorded prior to the death of the said grantor, and there was no proof of a physical delivery to E. R. Bennett, trustee, but the execution of the deed was never questioned. Several testified that it was executed, and E. R. Bennett was present when the same was made in the presence of King. The other children knew that the father, Jerre Bennett, had deeded the land to E. R. Bennett, approached him on the subject, and the execution of same was not denied, and in addition to this some of them discussed the deed with E. R. Bennett, and, while claiming in hostility thereto, never questioned the execution of same. Moreover, there was evidence that the grantor admitted deeding the land to E. R. Bennett for the two girls. In view of all of this evidence there was no reasonable or substantial inference to be drawn against a delivery.

[3] It may be conceded that John Bennett, the defendant, as well as one of the other heirs of Jerre Bennett, repudiated the title of E. R. Bennett as trustee, and that the said John Bennett held the lands adversely thereafter, but he had no authority to do so as to the interest of E. R. Bennett and his claim of adverse possession was with no intention of claiming for said E. R. Bennett in hostility to the deed in question. Therefore the defendant at most simply set up an adverse holding, as against the plaintiff's title, of the undivided interest of the heirs other than E. R. Bennett, and, under any aspect of the case, the plaintiff was entitled to recover an interest in the land, and was entitled to a verdict, and the charge given for him simply asserted this fact. The extent of the finding was not stated in the charge; and, while the same could have been refused unless the plaintiff was entitled to recover all the land or the entire interest in same, the giving of same was not reversible error. Swift v. Williams, 162 Ala. 147, 50 South. 123; Cochran v. Kimbrough, 157 Ala. 454, 47 South. 709.

The judgment of the circuit court must be affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.