(116 So. 113)

## SEABOARD AIR LINE RY. CO. v. McFRY.
### (7 Div. 756.)

Supreme Court of Alabama.   March 22, 1928.

Rehearing Denied April 12, 1928.

**1. Ejectment ⟐➜106—Evidence as to location of center line of main track and right of way being conflicting in ejectment suit by railroad, question was for jury.**

Where in action in ejectment by railroad against landowner evidence as to location of center line of plaintiff's main line and right of way and whether it was coincident with that of its predecessor was in decided conflict, questions were for jury.

**2. Trial ⟐➜253(8)—Requested affirmative charges for plaintiff in ejectment, ignoring evidence tending to show adverse possession in defendant, held properly refused (Code 1923, § 7467).**

In action in ejectment, requested affirmative charges for plaintiff, which ignored evidence for defendant tending to show adverse possession of land in suit and were not limited as to so much of land as was not covered by defendant's building, but which, if they had been so limited, should have been given, *held* properly refused, under Code 1923, § 7467.

**3. Adverse possession ⟐➜114(1)—In railroad's action in ejectment involving alleged right of way, defendant held entitled to judgment for particular strip as acquired by adverse possession.**

In railroad's action in ejectment involving land alleged to be portion of its right of way, defendant *held* entitled to judgment as to strip of land covered by his building, and title to which he acquired by adverse possession.

**4. Adverse possession ⟐➜85(3)—Evidence held not to show adverse possession of land claimed as part of railroad right of way.**

In railroad's action in ejectment involving alleged right of way, evidence *held* not to show adverse possession in defendant for statutory period of portion of land covered by concrete pavement laid for convenience of his patrons, or of uninclosed portion used without let or hindrance by persons passing along railroad.

**5. Ejectment ⟐➜110—Giving of requested charge for defendant in ejectment action held error, where evidence did not necessarily prevent plaintiff recovering portion of disputed strip of land.**

In railroad's action in ejectment involving land alleged to be portion of its right of way, giving defendant's requested charge that unless center of plaintiff's main line was at same point as center of main line of its predecessor, or more than 7.7 feet south thereof, verdict should be for defendant, was error, where there was nothing in evidence necessarily preventing plaintiff's recovery of a part of such 7.7 foot strip.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action in ejectment by the Seaboard Air Line Railway Company against R. W. McFry. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

These charges were refused to plaintiff:

"(3) If you find from the evidence that the center of the main line of the East & West Railroad as originally located is at the same point or place as the center of the main line of plaintiff, Seaboard Air Line Railway Company, as now located, then your verdict should be in favor of the plaintiff.

"(4) The court charges the jury that if you believe from the evidence that the land involved in this suit is embraced and included in the conveyance from J. L. McFry to Atlanta & Birmingham Air Line Railway Company in March, 1906, then your verdict should be in favor of the plaintiff.

"(2) The court charges the jury that if you believe from the evidence that the center of the main line of the plaintiff railroad, Seaboard Air Line Railway Company, is at the same point that the center of the main line of East & West Railroad was originally located, your verdict should be in favor of the plaintiff."

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and Merrill & Field, of Anniston, for appellant.

Actuality of possession of land is a compound question of law and fact, and its solution depends on the situation of the parties, the character of the land, and the purpose to which it is adapted and for which it has been used. 2 C. J. 54; Lord Advocate Lovat, 5 App. Cas. 273; Roberts v. Richards, 84 Me. 1, 24 A. 425; Latta v. Clifford (C. C.) 47 F. 615; Waggoner v. Wabash R. R., 185 Ill. 154, 56 N. E. 1050. Adverse possession can never ripen title in a claimant unless possession is exclusive, and not joint. Bowles v. Lowery, 181 Ala. 603, 62 So. 107; Wallace v. Feibelman, 179 Ala. 589, 60 So. 290; Hinton v. Farmer, 148 Ala. 211, 42 So. 563, 121 Am. St. Rep. 63; Boulo v. New Orleans M. & T. R. Co., 55 Ala. 480; Green v. Simpson, 49 Pa. Super. Ct. 334. Occupation of a railroad right of way by an adjoining landowner, so long as it is not required for railroad purposes, is not adverse so as to start the statute of limitations running against the railroad company, but is merely permissive. Alexander City Warehouse Co. v. C. of G. R. Co., 182 Ala. 516, 62 So. 745; Waggoner v. Wabash R. Co., supra; M. & O. R. Co. v. Donovan, 104 Tenn. 465, 58 S. W. 309. In the absence of evidence to the contrary, a presumption exists that the occupation of a right of way by an adjoining landowner is permissive and not adverse. C., M. & St. P. R. R. v. Snyder, 120 Iowa, 532, 95 N. W. 183. Where adverse claimant sets up constructive possession of part of the land in suit by virtue of his entering into possession under color of title, it is the duty of the court to define the extent of possession under the facts

shown by the evidence. Bryant v. Strunk, 151 Ky. 97, 151 S. W. 381; Fuelling v. Fuesse, 43 Ind. App. 441, 87 N. E. 700; Bundick v. Moore-Cortes Canal Co. (Tex. Civ. App.) 177 S. W. 1030.

Rutherford Lapsley and Agee & Bibb, all of Anniston, for appellee.

Counsel discuss the questions raised and treated, citing Leith v. State, 206 Ala. 439, 90 So. 687; Alexander City W. H. Co. v. Central. of Ga. R. Co., 182 Ala. 516, 62 So. 745.

SAYRE, J. Statutory ejectment for a parcel of land of irregular shape, but for the purposes of this appeal adequately described as 7.7 feet by 25 feet along and within, as complaint alleges, the right of way of the plaintiff, appellant, Seaboard Air Line Railway Company, in the city of Piedmont, Calhoun county. As the complaint indicates, plaintiff sought to show that the lot in question was a part of its right of way. This was denied by defendant, and he sought, moreover, to show a title by adverse possession.

So far as concerns the paper title to the property in controversy, plaintiff put in evidence undisputed muniments tracing back to Sabra Price its title to a right of way extending 20 feet south of the east and west (approximately) center of its main line track. This title dated back to 1884, Sabra Price in January of that year having conveyed a right of way to the East & West, a narrow gauge railroad, title to which passed through the Atlanta and Birmingham Air Line (1906), and into the Seaboard in 1909. The two last named railroads were and are of standard gauge, the change from narrow to standard gauge having been made in 1903 or 1904. In April, 1906, the Atlanta & Birmingham Air Line took a conveyance from J. L. Fry, under whom defendant claims, of 5 feet along the south side of, and in addition to, the right of way it had acquired from the East & West Railroad. Defendant traced his title back to 1897 and through a number of predecessors, J. L. Fry included. All conveyances in defendant's chain of title describe the property as lying next south of the plaintiff's right of way. The south line of the property in suit is 25 feet south of the center of the main line of the defendant railway as now located.

[1] From the above-stated facts it will be seen that, if the muniments of title of plaintiff and defendant refer to a right of way in fact the same, then plaintiff proved the better title, and, apart from the question as to adverse possession, should have had verdict and judgment in the trial court. But defendant contended, and introduced evidence in support of its contention, that when the gauge of the railroad was in 1903 or 1904 changed, the main line, and of course its center, and the center line of its right of way, were moved 7.7 feet, or something more, south of its previous location, so that the description shown by the title deeds under which he (defendant) claims do not in fact encroach upon plaintiff's right of way which, on its south side, must, according to defendant, be limited, for purposes of description, to 20 feet south of the original center line of the East & West Railroad. But as to the true location of the south line of the East & West right of way, the evidence was in decided conflict, that for plaintiff, by its engineers, being to the effect that the center line of its main track and right of way was coincident with the center line of track and right of way of the East & West Railroad, with the possible difference of a few inches, negligible for all the purposes of this case. The location therefore of the center line of plaintiff's main line and right of way, whether or not that line was coincident with the center line of the original East & West survey, and, if not, then whether it was 7.7 feet or more south of the original survey, were questions for decision by the jury.

[2] We are given to understand that the special instructions requested by plaintiff and made the subject of assignments of error 2, 3, and 4 (charges 3, 4, and 2) were refused because they ignored that evidence for defendant which tended to show an adverse possession of the land in suit; and as to so much of the land as was not covered by the defendant's building, these charges, if they had been so limited, should have been given. But they were not so limited, and for that reason were refused without error. Bennett v. Albrecht, 201 Ala. 445, 78 So. 823.

[3, 4] The conclusion thus stated is established in our judgment on the following reasons: Defendant's adverse possession of so much of the land in controversy as has been and is now covered by his building on the land in suit is proved beyond controversy. The railroad company acquired, not merely an easement, but the fee in its right of way. The possession of a part of the land in suit by defendant, if under claim of title, notorious, hostile, exclusive, and continuous for the statutory period, was adverse and not affected by the consideration which controlled the decisions in Alexander City Warehouse v. Central of Georgia, 182 Ala. 516, 62 So. 745, and Seaboard Air Line v. Banks, 207 Ala. 194, 92 So. 117, and which in those cases required, in order to constitute adverse possession, notice in fact to the railroad company, owning an easement only, of a hostile claim of title by the owner of the servient fee. A small part only of the land, a strip along the length of the south side of it and approximately one foot across, was so held, and for it defendant was entitled to verdict and judgment. Louisville & Nashville v. Malchow, 216 Ala. 656, 114 So. 53. But as for the rest of it, we find no evidence of a continuous adverse possession for the statutory period. A part

of it, about one-half of it, was covered by a concrete pavement laid for the convenience of patrons of the eating place kept in the building who might approach a window on the north side through which were served flap-jacks, hot dogs, sandwiches, and the like; but, whatever evidential force and effect might be conceded to such a possession, if continued for ten years, the evidence showed without dispute that the pavement had been laid not more than three years before suit brought. Nor was there any evidence requiring submission to the jury which tended to show an exclusive or hostile possession of the space north of the building which for most of the time was uninclosed, used without let or hindrance by persons passing along south of the railroad, and in no respect marked off from the rest of the larger inclusive open space of the same character. The evidence of these facts did not suffice to warrant a finding of adverse possession; nor was there any color of title to extend the possession shown by the building to that part of the land in controversy not so covered, for, as has been noted, all the muniments of title in defendant's chain referred to plaintiff's right of way as the northern boundary of the land, and the proper location of that right of way was and is the bone of contention between the parties. If, therefore, the center of the original survey of the East & West Railroad was coincident with the center of defendant's main line and right of way, plaintiff was entitled to recover all of the land claimed which lies north of defendant's building, and would have been entitled to a charge properly framed to that effect. Code, § 7467. The charges under discussion were faulty for the reason indicated and were refused without error.

[5] The court gave at defendant's request a charge in writing as follows:

"Unless the jury is reasonably satisfied that the center of the main line of the Seaboard is at the same point as the center of the main line of the East & West Railroad, or more than 7.7 feet south thereof, the verdict of the jury should be for the defendant."

Recurring to what has been said, there was nothing in the nature of the case or in the evidence which necessarily prevented the plaintiff's recovery of a part of the 7.7 strip in controversy. This charge was erroneously given.

There were a number of maps in evidence, one drawn to a scale of one inch to one hundred feet, and another one inch to ten feet. The scale does not appear on the others. The court, on defendant's request, permitted an ordinary twelve-inch wooden ruler scaled to show inches, halves, quarters, eighths, and sixteenths to be taken to the jury room. Plaintiff objected and excepted. We are unable to see how this piece of evidence could have

been of any service to the jury. On the other hand, we can hardly suppose it had anything to do with the verdict, though, possibly, it may have been the cause of some confusion. The ruling as to this would have been better otherwise.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.