(126 So. 885)

## EQUITABLE FINANCE CO. v. BURNS.

### 8 Div. 173.

Supreme Court of Alabama.

March 13, 1930.

Arthur L. Shaw, of Tuscumbia, for appellant.

W. Meade Burns, of Tuscumbia, for appellee.

SAYRE, J.

Action by appellant against appellee on two notes given for deferred payments on two Ford vehicles. Verdict for defendant. Motion by plaintiff for a new trial overruled. Plaintiff appeals.

The second assignment of error cannot be considered. It points out no specific ruling of the trial court. The rule requires that there shall be a statement "in what error consists." This has always been interpreted to mean that there must be a precise statement of the error insisted upon, "and generality has been always treated as offensive to proper justice." Rules of Practice in the Supreme Court, 1, and annotator's note in Michie's Code (Michie's Code 1928, pp. 1928, 1929). We will say, however, that the record has been read and no appearance of reversible error found. This further may be said: The plea of tender should have been disposed of—the money tendered should have been adjudged to plaintiff. But no question is made as to that.

As to the first assignment, which is that the court erred in overruling appellant's motion for a new trial: The ground of the motion was that the verdict was contrary to the weight of the evidence, and, again, to the preponderance of the evidence. The ground on which appellant sought to proceed is thus stated in the statute: The verdict is not sustained by the great preponderance of the evidence. Code, § 9518. This, however, does not exclude from consideration a motion made on common-law grounds. Parker v. Hayes Lumber Co. (Ala. Sup.) 127 So. 504. A mere preponderance will not suffice for the reversal of a judgment overruling a motion for a new trial. The rule of the court in cases of this character is that the judgment will not be reversed, unless, after allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the court it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738. The evidence in this case has been examined with due care. No error is found.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.