(128 So. 239)

**SEABOARD AIR LINE RY. CO. v. McFRY.**

**7 Div. 931.**

Supreme Court of Alabama.

April 3, 1930.

Rehearing Denied May 22, 1930.

Merrill, Jones & Whiteside, of Anniston, for appellant.

in decided conflict, that for plaintiff, by its engineers, being to the effect that the center line of its main track and right of way was coincident with the center line of track and right of way of the East & West Railroad, with the possible difference of a few inches, negligible for all the purposes of this case. The location therefore of the center line of plaintiff's main line and right of way, whether or not that line was coincident with the center line of the original East & West survey, and, if not, then whether it was 7.7 feet or more south of the original survey were questions for decision by the jury."

█ Plaintiff's contention is that all evidence as to change of the center line of the railroad was improperly admitted upon the theory that by the general issue defendant admitted possession of the property sued for claimed as a part of plaintiff's right of way, and that such proof tended at most to show a dispute as to the boundary line, which issue should have been made by a disclaimer plea and suggestion of a boundary line dispute under section 7457, Code 1923. Counsel cite Jeffreys v. Jeffreys, 183 Ala. 617, 62 So. 797. But the Jeffreys' Case was not followed in this respect in Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793, 795, wherein it was held that the defendant only may make such suggestion, and, unless he does so elect, the "cause must be tried as causes in ejectment in general are tried, that is, upon the question of title." The rule in ejectment suits is that plaintiff must recover on the strength of his own title, and not on the weakness of that of defendant. 10 Alabama and Southern Digest, page 568.

██ By interposing the plea of the general issue, thus admitting possession of the property sued for, defendant did not thereby admit plaintiff's title, and of course was not precluded from showing that plaintiff in fact had no title to the property in question. Manifestly, therefore, defendant had the right to show that the property sued for was not embraced under the description in plaintiff's chain of title.

Plaintiff's requested charges upon a contrary theory were properly refused, and the evidence referred to was not improperly admitted. The assignments of error concerning these rulings are therefore without merit.

Upon the question of plaintiff's title, there was but one issue of fact, whether or not there had been a change in the location of the center line of the railroad.

█ Plaintiff's refused charge No. 2 was correct, and should have been given, but reversible error cannot be rested upon its refusal, as we are persuaded the substance thereof was embraced in the oral charge of the court, and in charges given at plaintiff's request.

In view of the disputed issue of fact involved, we are of the opinion plaintiff's re-

Rutherford Lapsley, of Anniston, for appellee.

GARDNER, J.

Plaintiff seeks recovery of a small strip of land in Piedmont, Ala., claimed as a part of its right of way. This is the second appeal, and the statement of the case as found in the opinion on former appeal obviates any necessity for a repetition here. Seaboard Air Line Ry. Co. v. McFry, 217 Ala. 411, 116 So. 113, 114.

█ Upon remandment of the cause the complaint was amended by eliminating the store building therefrom, otherwise no change appears in the pleading. Upon this trial, as upon the former, defendant pleaded the general issue, thus admitting possession of the property sued for. Section 7456, Code 1923.

Plaintiff's title dated back to 1884 to a deed from Sabra Price to the East and West, a narrow gauge railroad, and the description in its chain of title relates to the center line of said road. It is defendant's contention that this center line was moved south ten feet or more when the road was changed to a standard gauge in 1888, and that therefore the description in plaintiff's deed does not embrace the property sued for. Upon this question was presented an issue of fact, concerning which on former appeal, this court said: "But as to the true location of the south line of the East & West right of way, the evidence was

maining refused charges were misleading and no error was committed in their refusal.

In answer to assignments of error 33 to 40, counsel for appellee in brief consider them as presenting only the question of the agent's authority, and no effort appears to be made by way of response to the principal contention on appellant's part, that the evidence was inadmissible upon other grounds, which appear to us to be well founded.

The evidence admitted over plaintiff's objection related to application on the part of the local engineer of the Atlanta & Birmingham Railway, plaintiff's predecessor in title to the city council of Piedmont for permission to set back some telegraph poles on Railroad street, and the introduction in evidence of the ordinance of said city granting such permission. Of course such proof could only be relevant upon the theory that it tended to show plaintiff was attempting to procure the use of property which it already owned and in disproof of its present contention. But to that end, it was incumbent upon defendant to show such was in fact the case.

Defendant's chain of title describes his property as lying next south of plaintiff's right of way. Plaintiff insists, and, indeed, defendant admits, there is no Railroad street between the two, and the brief for appellee makes no claim to the contrary.

It therefore is not made to appear that this evidence bore relation to the property here in question and should have been excluded. Other considerations occur to the mind. Plaintiff acquired its right of way by purchase of a fee-simple title. The city could only grant permission as to some public street, and it is difficult to understand, though we may not fully grasp the point, how the grant of a privilege in a city street could in any event be relevant to the question of ownership of the property sued for.

The issue of fact as to the change of the location of the center of the road was sharply contested, and we are persuaded the action of the court in admitting the evidence above referred to prejudicially affected plaintiff's cause, and was error to reverse.

One McMillan made a map of the property, which he states is correct, and actual measurements in relation thereto, showing the alleged encroachment by defendant upon plaintiff's right of way as marked in red. The description in defendant's deed shows a frontage of his lot of twenty-five feet on Center avenue. The parties claim through a common source, and defendant's deed was from J. L. McFry who had, prior to defendant's purchase, deeded five feet to plaintiff. Plaintiff offered to show by witness McMillan that the distance from the south property line to the

south end of the encroachment was twenty feet, and that therefore, in connection with the five feet previously sold, defendant had all the property he was entitled to under the conveyance, and that in fact there had been no encroachment on plaintiff's part by the change of any boundary line further south as contended by defendant.

The question here considered is not treated by appellee in brief, but it appears to us that this evidence was material and relevant to the issue of fact before the jury and should have been admitted. The court erred in its exclusion, and the forty-sixth assignment of error is well taken.

Appellee moves to strike the bill of exceptions as violative of Circuit Court Rule 32. The principal objection seems to be aimed at the interposition of numerous objections to evidence and exceptions reserved to the court's ruling thereon, and counsel construe the agreement of counsel found on page 28 of the transcript as intended to shorten the record. We construe the agreement, however, as only intended to expedite the trial of the cause in the court below. No such situation is here presented as disclosed in Collins v. Vaughn Realty Co., 217 Ala. 605, 117 So. 55, cited by appellee. The repetitions complained of here are only those relating to the form of objection and exception, but interposed to evidence of different witnesses which counsel out of abundance of caution consider necessary.

Any misconception on appellant's part (as argued by appellee) of this line of proof, does not stand in its way of presenting the case to the court upon the theory which counsel consider well taken and upon which appellant has the right to seek a ruling.

The motion is denied. Boyett v. Standard Chem. & Oil Co., 146 Ala. 554, 41 So. 756.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.