33 So.2d 8

## PAGE v. HAWK.
### 4 Div. 467.
Supreme Court of Alabama.
Dec. 18, 1947.

Lewis & Lewis, C. R. Lewis, P. S. Lewis, and J. Hubert Farmer, all of Dothan, for appellant.

Alto V. Lee, III, of Dothan, for appellee.

LAWSON, Justice.

This is a statutory action in the nature of ejectment brought by Augusta Page against Marion Hawk to rocover a small strip of land forty-five feet in length, two and three-fourths feet in width at the west end and narrowing to a width of one foot and three inches at the east end.

The cause was tried before a jury and resulted in a verdict and judgment for the defendant. Motion for new trial having been denied, plaintiff has appealed to this court.

The parties are owners of adjoining city lots in Dothan. Each claims the strip in question. Hawk's lot is immediately north of that of plaintiff, Augusta Page.

The issue was not made up as authorized by § 942, Title 7, Code 1940, to ascertain the true boundary line. Under the pleadings the question for determination by the jury was whether the plaintiff or defendant had legal title to the strip in question. But under the evidence in this case the answer to that question depended entirely on the location of the boundary line between the property of these parties. So actually a boundary line question is presented, although there was no formal suggestion of a boundary line dispute. Brantley v. Helton, 224 Ala. 93, 139 So. 283; Alverson et al. v. Floyd, 219 Ala. 68, 121 So. 55.

There was no question presented as to the chain of title of either the plaintiff or the defendant to the land described in their conveyances. The plaintiff introduced deeds showing that her chain of title dated back to 1905. Plaintiff obtained a deed to her lot in June, 1937, from her daughter. The lot was described in that deed as follows: "One lot in the town of Dothan on the west side of Lena Street and bounded on the North by property of W. W. Hawk and C. M. Page, on the east by Lena Street, on the South by lands of the Conner estate on the West by lands of the colored baptist

church; said lot having a Frontage of 42 feet and running back 107 feet."

It was admitted that Marion Hawk, the defendant in this case, is the "sole and only heir at law" of W. W. Hawk, who died January 4, 1939.

In May, 1921, the said W. W. Hawk obtained a deed from Mrs. Lula Young and husband to the following described property: "One lot or tract of land and improvements thereon, in Dothan, Alabama, *beginning at the crossing of Lena and North Streets,* and running westward along North Street forty-five feet (45 ft.), thence southward Forty-four feet (44 ft.), thence east Forty-five feet (45 ft.) to the edge of Lena Street, thence north Forty-four feet (44 ft.) to point of beginning, said lot containing 1/16 of an acre, more or less, and being the lot deeded T. E. Russ by Mary Wright Nov. 17, 1911." (Emphasis supplied.)

So it appears from the above referred to conveyances that plaintiff has title to a lot with a frontage of forty-two feet on Lena Street and a depth of 107 feet, and that plaintiff's lot for a distance of forty-five feet is bounded on the north by the lot now owned by the defendant, as the heir at law of W. W. Hawk, deceased.

The evidence shows without dispute that for more than twenty years there was a fence which was recognized by the owners of the two lots as being the boundary line. Owners of both lots claimed up to this fence.

In March, 1945, plaintiff's lot was vacant. At that time at least a portion of the fence was still standing. Defendant wanted to construct a building on the southern part of his lot and secured permission of plaintiff to remove the fence. The building was constructed and covers the strip of land here sued for.

The evidence as to where the boundary line fence was located before it was torn down in order to facilitate the construction of defendant's building is in sharp conflict. Witnesses for plaintiff testified that the southern wall of the building is located south of the old fence line, whereas defendant's witnesses testified that the southern wall of the building was purposely constructed several inches north of the line where the fence had been.

Plaintiff contends that a survey which she had made of the defendant's lot and which she introduced in evidence conclusively shows that the strip of land here involved belongs to her. This survey does show that the southeastern corner of the building constructed by plaintiff is forty-five feet and three inches south of the south edge of a sidewalk on the south side of North Street and that the southwest corner of the said building is forty-six feet and nine inches south of that sidewalk, whereas plaintiff's deed called for only forty-four feet frontage on Lena Street and for the southwest corner of said lot to be only forty-four feet from North Street when the point of beginning named in the deed is used in making a survey.

But plaintiff's survey is not conclusive of the issue here involved, because the point for beginning a survey of the land conveyed by deed from Mrs. Young and husband to W. W. Hawk was merely described as "at the crossing of Lena and North Streets" and the civil engineer who made the survey for the plaintiff testified that he was not familiar with the point at which those streets crossed in 1921 and that he used as a place of beginning in making his survey the point where the sidewalk on the south side of North Street intersected with the sidewalk on the west side of Lena Street. There is nothing in the evidence to show that the point used by the surveyor was the point where the two streets crossed in 1921 when the deed to the defendant's father was executed. In fact, there is testimony to the effect that the sidewalks were not constructed until several years after the deed was executed.

The defendant introduced in evidence without objection a survey or map which included not only the defendant's property, but the plaintiff's lot and property immediately south thereof. The civil engineer who made this survey used the same beginning point as was used by the surveyor who made the survey for the plaintiff. He had no knowledge of where the two streets crossed in 1921. In view of the point of beginning used in making this survey, it appears therefrom that the south wall of

28

the building constructed by the defendant is more than forty-four feet from the south edge of the sidewalk now situate on the south side of North Street. But it also shows that there is vacant property with a frontage of approximately forty-five feet and nine inches on Lena Street between the south wall of the building constructed by the defendant and a building situate on property south of the plaintiff's lot. Plaintiff's deed calls for a frontage of only forty-two feet on Lena Street.

Plaintiff insists that the verdict of the jury was contrary to the great preponderance of the evidence and that her motion for new trial should have been granted on that ground. After a careful review of the testimony, we are not persuaded that a reversal should be rested upon the action of the trial court in refusing to grant a new trial on that ground. The evidence as to the location of the boundary line was in direct conflict. There was evidence which, if believed, authorized the verdict which was rendered. We cannot affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that the verdict is wrong and unjust. Sorrell v. Lindsey et al., 247 Ala. 630, 25 So.2d 725; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725; Equitable Finance Co. v. Burns, 220 Ala. 559, 126 So. 885; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

The trial court over objection of plaintiff permitted B. F. Sweet, a civil engineer and a witness for defendant, to testify that the distance from the southeastern corner of the new building constructed by Hawk to a new building located south of the plaintiff's lot was forty-five feet and nine inches. This evidence was material and relevant to the issue of fact before the jury, namely, the location of the boundary line. Plaintiff insisted that defendant had encroached upon her property. Plaintiff's deed called for frontage on Lena Street of only forty-two feet. Evidence from which the jury could find that plaintiff had all the property to which she was entitled was properly admitted as bearing on the question as to whether the defendant had encroached upon plaintiff's property. There was no error in this rul-

ing. Seaboard Air Line Ry. Co. v. McFry, 221 Ala. 296, 128 So. 239.

Overruling an objection to a question not answered by the witness, or else favorably answered to the objector, is not prejudicial error. Cooper et al. v. Slaughter, 175 Ala. 211, 57 So. 477. This principle condemns assignments of error 1 and 2.

Assignments of error 4 and 5 are predicated on two remarks of the trial court made during the progress of the trial. No objection was made at the time by plaintiff. No exception was reserved. No motion was made to have the jury charged to disregard such remarks nor was a motion made to withdraw the case from the jury and declare a mistrial.

If the plaintiff deemed the remarks prejudicial, she should have invoked action of the court thereon. She cannot be allowed to speculate upon a favorable verdict, and failing therein, have the cause reversed. No reversible error appears in this connection. Tucker v. Tucker, 248 Ala. 602, 28 So.2d 637, and cases there cited.

We have treated all the assignments of error argued, and find no reversible error. The judgment is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.