89 So.2d 573

**Edna RAY**

v.

**K. V. FOWLER et al.**

6 Div. 21.

Supreme Court of Alabama.

Aug. 2, 1956.

Rehearing Denied Sept. 13, 1956.

**66**

McEniry, McEniry & McEniry, Bessemer, for appellant.

Ling & Bains, Bessemer, for appellees.

PER CURIAM.

This is a suit by appellant against appellees for a strip of land of "5 to 7 acres" in area. The complaint is not specific that it is situated in the SE¼ of SE¼, Section 19, Township 20, Range 4 West, nor that it is in the adjoining forty on the east which is the SW¼ of SW¼ of Section 20. But it describes it as "Begin at the iron corner placed by W. B. Bennett, Bessemer, Alabama, a registered engineer, as the SE corner of the SE¼ of SE¼, Section 19, Township 20, Range 4 West". "Run thence in a northernly direction along the quarter quarter section line a distance of 105 feet *for* point of beginning: thence turning an angle to the left of 93° 48″ and run a distance of 152 feet" (it then extends in a zigzag course as there described). The west line of the area in dispute could not possibly have been intended to be the east line of SE¼ of SE¼ of Section 19, and we are impressed that no one claims that to be the meaning of the description.

The description certainly does not put the land in the SW¼ of SW¼ of Section 20; and taking the presumption against the plaintiff as the pleader, it means that the land is situated in the SE¼ of SE¼ of Section 19. Plaintiff has not claimed the land as being in the SW¼ of SW¼ of Section 20.

■ The only plea interposed was one of not guilty. That plea admits possession by the defendants of the land sued for.

Appellant claims that the land sued for is situated between their respective holdings, and therefore it involves "the boundaries between coterminous owners," to which section 828, Title 7, Code, does not apply. That statute provides that adverse possession cannot confer or defeat the title to land unless certain specified conditions concur, but that it does not apply "to cases involving a question as to boundaries between co-terminous owners."

Section 941, Title 7, Code, provides that the general issue of "not guilty" admits possession by defendant of the land sued for. Section 942, Title 7, provides for a disclaimer of possession by defendant, and for the procedure under it. It then provides that a defendant may within a specified time suggest in writing that the suit arises over a disputed boundary line, which should be described. An issue is thereupon made up as to the true boundary line, and on that issue a trial is to be had by a jury and the boundary line fixed. A single judgment on such issue is made conclusive. It is noted that this suggestion is not specified to be set up in a disclaimer.

■ Prior to the Code of 1923 the corresponding section of the Code of 1907 (section 3843) required the suggestion to be *in the disclaimer*. Since the Code of 1923 it need not be so incorporated. Of course a plea of not guilty admitting possession could not be interposed with a disclaimer of possession of the same land— that being inconsistent. McQueen v. Lampley, 74 Ala. 408. So that, the suggestion of a boundary line dispute made by defendant could not be made along with a plea of not guilty.

It was first considered by this Court that the suggestion was necessary to make the case one of boundaries between co-

terminous owners. Jeffreys v. Jeffreys, 183 Ala. 617, 62 So. 797. In the case of Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793, 795, the suit was for 11.62 acres of land which lay between adjoining property owners. The plea was "not guilty". There could not have been a suggestion under what was section 3843, Code of 1907, because there could not be a disclaimer since not guilty was pleaded. But the Court held that "clearly the question between the parties was one of boundaries between coterminous owners," and therefore that the provisions of section 2830, section 828, Title 7, Code of 1940, did not apply. On rehearing the attention of the Court was called to Jeffreys v. Jeffreys, supra. The opinion quotes section 3843, Code of 1907 (section 942, Title 7, Code of 1940), which authorized a defendant "in his disclaimer" to make the suggestion mentioned above, and then proceeds as follows:

"It is plain on this language of the Code that the defendant only may make the suggestion, and it would seem to be equally clear that, unless the defendant does elect to make the suggestion, the cause must be tried as causes in ejectment in general are tried, that is, upon the question of title. Also, it is held by this court that, when such disclaimer and suggestion are made, the issue between the parties is not one of title. Section 2830 prescribes how and on what conditions title may be acquired by adverse possession. It takes ten years in any circumstances to perfect a title by adverse possession, and the possession during the entire time must be evidenced as prescribed except in the conditions prescribed."

The opinion in the Spragins case declares that if Jeffreys v. Jeffreys "holds differently from the opinion here expressed, it will no longer be followed."

■ In the cases on the subject passed by this Court, both before and after the change made in section 3843, Code of 1907, as it now appears in section 942, Title 7, Code of 1940, the Court has interpreted the Spragins case to mean that in such a case as the one here involved, when the plea is not guilty, the evidence may show that the land sued for is between that of plaintiff and defendant as coterminous owners, and if so that section 828, Title 7, does not apply. Those cases are Cox v. Broderick, 208 Ala. 690, 95 So. 186; Hodges v. Sanderson, 213 Ala. 563, 105 So. 652; Seaboard Air Line Ry. Co. v. McFry, 221 Ala. 296, 128 So. 239; Page v. Hawk, 250 Ala. 26, 33 So.2d 8; Denton v. Corr, 250 Ala. 149, 33 So.2d 625; Guy v. Lancaster, 250 Ala. 226(5), 34 So.2d 10. We are therefore committed to that proposition notwithstanding the change in section 3843, Code of 1907, to what is now in section 942, Title 7, Code of 1940. The case of Golden v. Rollins, 259 Ala. 286, 66 So.2d 91, does not conflict with that principle when carefully considered. But the case of Finerson v. Hubbard, 255 Ala. 551(3), 52 So.2d 506, seems to conflict, and should not be followed.

The essence of what is said in the Spragins case, supra, is that when a plea of not guilty is filed in such a suit as this, the only question relates to the title; and since it is a suit in which the boundary line between coterminous owners is involved the conditions to adverse possession by the express terms of section 2830, Code of 1907, section 828, Title 7, Code of 1940, do not apply. But the court will not in terms fix and mark the boundary as contemplated in section 3843, section 942, Title 7. In the Golden case, supra, acted on after the change in the terms of section 3843, Code of 1907, section 942, Title 7, reference was made to the fact that while the title of the area in controversy and only that would be passed on when the sole plea is not guilty, defendant may, under the present terms of section 942, suggest a boundary line dispute and have it judicially located as well as try the issue of title to the land sued for, not now being burdened by the necessity of a disclaimer. This is consistent with the theory that although no such suggestion is made and the only

plea is not guilty, it may be a suit which involves a "question as to boundaries between co-terminous owners" as affected by section 828, Title 7, Code of 1940.

The trial court charged the jury on the effect of section 828, Title 7, applied to this case, and that plaintiff must have had adverse possession of the land for ten years preceding the filing of suit, but it must be accompanied with either color of title or one of the other alternatives set out in that statute. There was no exception by plaintiff to that feature of the court's charge.

Plaintiff here claims that she was entitled to the affirmative charge. This is upon two theories, one was that as the widow of Sam J. Ray, who died in 1943, she could tack her possession after his death to his possession during his lifetime so as to complete the title in her under the ten-year statute, section 828, supra, or by the twenty-year period of prescription.

The trial judge virtually charged out the ten-year claim by giving charges 7, 10 and 21 which confined plaintiff's claim to the twenty-year period of prescription. They are not assigned as error.

■ We shall consider the ten year period. Sam J. Ray died in 1943—the date is not otherwise given. This suit was filed April 9, 1953. Defendants acquired possession shortly before that time. Plaintiff's evidence tends to show that she took possession in 1944 by renting the land to a tenant for that year. Defendants' evidence tends to show that they rented it to that tenant in 1944. This land was not a part of Sam J. Ray's homestead when he died. The widow therefore had no quarantine right under section 50, Title 34, Code of 1940. It had not been set aside to her in lieu of a homestead nor assigned to her as dower, nor devised to her by will nor granted to her by any other instrument. It was held in Robinson v. Allison, 124 Ala. 325, 27 So. 461, that under those circumstances she (the widow) was not in privity with her husband in such sort as to enable her to tack her claim of adverse possession to his possession after his death, and thereby extend the length of her adverse claim. 2 C.J.S., Adverse Possession, § 130(2) (a), p. 691. The widow is not an heir of her husband, and does not hold land under her quarantine by descent cast. White v. Williams, 260 Ala. 182 (16–18), 69 So.2d 847. The widow did not have any sort of possession for ten years after her husband's death, according to her version of the evidence, and cannot tack her possession to his. Therefore, the trial court was not in error in eliminating the ten-year statute from the consideration of the jury.

■ With reference to the twenty-year period of prescription, the evidence shows the following facts. The land in dispute is "5 to 7 acres" on the east side of SE¼ of SE¼ of Section 19, Township 20, Range 4 West. It is not smoothly bounded, but the west line is very ragged. Sam J. Ray claimed, without controversy, the SW¼ of SW¼ of Section 20, Township 20, Range 4 West, which lies immediately east of the land in dispute. Some of the disputed area had been cultivated and some of it was in pasture and woods. The west line of the field was marked by a hedgerow and fence. Sam J. Ray is shown to have gone into possession of said SW¼ of SW¼ about 1926, and lived on it until 1938 or 1939 when he and his family moved away. There is no evidence of his possession from 1939 to 1943 when he died. While he lived on said forty acres his field extended over the section line and embraced a part of the area in question. Plaintiff's evidence shows that this occurred from year to year by planting some crops and cutting the hay. Defendants' evidence is that this use was by their permission on account of the small size and value of the area. Sam J. Ray had no color of title to the land in question. He did not have any sort of possession or claim of possession in his lifetime for more than seventeen years (from 1926 to 1943), and it is in dispute as to whether that was adverse or permissive possession. Trufant v. White,

99 Ala. 526, 13 So. 83. This was a jury question. Bates v. Southern Ry., 222 Ala. 445, 133 So. 39. But if he acquired title in his lifetime by adverse possession, that title has not passed to plaintiff.

Plaintiff must recover on the strength of her own title, and the burden is upon her. Hancock v. Warren, 235 Ala. 180, 177 So. 907. She is not in position, as we have shown, to claim the title of her husband, if he had any (not being his homestead). That descended to his heirs, consisting of two sons and two daughters. For plaintiff to claim under his right, it is necessary that the area in question had been his homestead, or that it was set apart to her as dower, or that it was devised to her in his will or otherwise conveyed to her.

Plaintiff offered proof of a tax deed to said Ray in 1933 conveying the SW¼ of SW¼ of Section 20, supra, but not any of the SE¼ of SE¼ of Section 19, supra. The SW¼ of SW¼, of which the sale was made, was assessed to the father-in-law of Sam J. Ray, who was plaintiff's father.

The court disallowed that proof as well as proof of color of title to that forty in the mother of plaintiff by deed in 1912. The claim of appellant is that those instruments were admissible to show the date of possession by Sam J. Ray of the land in question, although it is not embraced in those deeds. There is no conflict in the evidence that Sam J. Ray's possession of the SW¼ of SW¼, supra, extended from 1926 and his ownership was proven and not denied. So that, if those deeds were admissible for the purpose indicated there was no prejudice in excluding them.

The affirmative charge was properly refused to plaintiff and the motion for a new trial properly overruled, unless some error otherwise occurred.

We have examined the assignments of error insisted on in brief and find no reversible error in any of them. They are in the main controlled by the principles here discussed. The judgment of the trial court should therefore be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

All the Justices concur.

Application for rehearing overruled.

All the Justices concur.